[Rutland v. Chesson.]

# Rutland *v.* Chesson.

*Statutory Action of Ejectment.*

1. *Vested interest in remaindermen.*—Where land is sold, the purchase money to be paid in the future, and the purchaser goes into possession with a deed conveying to him a life estate, with remainder to other parties named in the deed, with a proviso that the deed is not to become operative till all the purchase money is paid, *held* that an equitable interest vested in the remaindermen upon the execution of the deed, which became a legal interest upon the payment of all the purchase money.

2. *Same.*—Where a remainderman dies before the termination of the life estate, and before the full payment of the purchase money, he leaves an inheritable equitable estate which ripens into a full legal estate upon the payment of all the purchase money.

APPEAL from Macon Circuit Court.

Tried before the Hon. JAMES R. DOWDELL.

This action was brought by W. J. Rutland to recover an undivided fifth interest in certain lands in Macon county, which he claimed to inherit from Willie Lee Rutland under the deed set out in the opinion of the court. The cause was tried upon an agreed statement of facts, submitted to the presiding judge without the intervention of a jury. The judgment of the court was in favor of the defendants in possession. From that judgment which is assigned as error, this appeal is taken to this court.

THOS. H. WATTS, for appellant.—1. The owner of an undivided one-fifth interest may maintain ejectment for his interest.—*Tarver v. Smith*, 38 Ala. 135. 2. Suit in ejectment may be maintained against several tenants jointly, or severally.—*Rowland v. Ladiga*, 21 Ala. 9. 3. The agreed statement of facts shows that a deed was executed and delivered to J. F. Chesson in 1887, by A. J. Chesson and B. F. Chesson, which is set out in the opinion of the court. 4. The only question presented in the case is the construction of the said deed. If that deed vested a remainder in Willie Lee Rutland, then the plaintiff is entitled to recover. If Willie Lee Rutland acquired no interest in the said land by reason of the fact that one of the notes was not paid until after his death, then the plaintiff cannot recover. The deed vested a life estate in J. F. Chesson, upon delivery, with a

vested remainder in the others.—*Shepherd v. Nabors*, 6 Ala. 636; *Woodley v. Findley*, 9 Ala. 716; *Dunn v. Davis*, 12 Ala. 135; *Farley v. Gilmer*, 12 Ala. 141; *Hunter v. Green*, 22 Ala. 329; *Gill v. Tittle*, 14 Ala. 528; *Isbell v. Maclin*, 24 Ala. 315; *Charles v. Stickney*, 50 Ala. 86; *Banks v. Jones*, 50 Ala. 480; *Goodman v. Winter*, 64 Ala. 410; *Pope v. Pickett*, 65 Ala. 487. What effect did the qualifying clause have on the estates created by the deed? In this connection, it may be well to bear in mind a well settled rule of construction. In the language used in Sheppard's Touchstone, page 88, section 7, "If there be two clauses or parts of a deed repugnant the one to the other, the *first* shall be received and the latter rejected, except there be some special reason to the contrary; and therefore herein a deed doth differ from a will, for if there be two repugnant clauses in a will, the first shall be rejected and the latter received. This same rule is recognized in Alabama.— *Gould v. Womack*, 2 Ala. 83; *Petty v. Boothe*, 19 Ala. 633; *McWilliams v. Ramsey*, 23 Ala. 813. "A devise of real estate to A *when* he shall attain twenty-one years, will *vest immediately* in A, whether the devise be immediate or only in remainder."—*Farley v. Gilmer*, 12 Ala. 144. The law favors the vesting of estates. Therefore, where a limitation may be construed either as an executory devise or a remainder, it will be held to be the latter, and where it may be construed as a vested or a contingent remainder, the law will always consider it vested, if the words creating it are capable of that construction.—Amer. & Eng. Encyc. of Law, 6 Vol. pp. 898–9. "A condition in a grant of land that the conveyance shall be void if subsequent payment be not made according to the terms thereof *is a condition subsequent* and the fee *vests* in the grantee upon the delivery of the deed, . . . . . . . . and until entry for condition broken, the title to the land remains vested in the grantee."—*Spofford v. True*, 54 Am. Dec. 621.

"A conveyance upon condition subsequent passes a present estate in land, subject to be defeated by non-performance of the condition, and the estate continues until avoided by one having the right to avoid it."—2 Wash. on Real Prop. 4th Ed. 3; *Shattuck v. Hastings*, 99 Mass., 23; Note to *Cross v. Carson*, 44 Am. Dec. 742. "When by the deed of an individual an estate is created subject to be defeated on breach of a condition subsequent, the grantor, or his heir, to divest the estate, must enter or do some other act equally effectual. Until entry for a breach of the condition, the estate of the donee continues."—1 Brick. Dig., p. 788, § 36;

[Rutland v. Chesson.]

*Cross v. Carson*, 44 Am. Dec. 742; *Bangor v. Warren*, 56 Am. Dec. 657.

W. F. FOSTER, for appellee, insisted that at the time of his death, Willie Lee Rutland had no inheritable interest in the lands sued for; therefore, the plaintiff, who claims under him, cannot maintain this action, citing, *Gayle v. Johnston*, 80 Ala. 391; *Horton v. Sledge*, 29 Ala. 478; *Varner v. Young*, 56 Ala. 260; *Etheridge v. Malempre*, 18 Ala. 565; *Marr v. McCollough*, 6 Port., 507; *Phinizy v. Foster*, 90 Ala. 262; 2 Wash. Real Prop., 5-7-9.

COLEMAN, J.—This was an action in ejectment to recover certain lands described in the complaint. The facts are agreed upon, and the respective rights of the litigants depend upon the legal construction of the following written instrument: "Know all men by these presents that we A. J. Chesson and B. F. Chesson in the consideration of the sum of seven hundred and seventy dollars, to be paid to us by J. F. Chesson, as follows, viz : three hundred dollars on the 24th day of October, 1887. And two hundred and thirty-five dollars on the 1st day of October, 1888, with interest thereon from date. And two hundred and thirty-five dollars on the 1st day of October, 1889, with interest thereon from date, we do hereby bargain, sell and quit claim and release unto the said J. F. Chesson, for the term of his natural life, and at his death to C. W. Chesson, A. B. Chesson, Claudia O'Donnell, Lula Foster and Willie Lee Rutland the following described lands in said county, viz : Four hundred and fifty acres more or less, in section eleven (11), township fifteen (15), range twenty-one (21), known as the J. F. Chesson place, bounded on the east by lands of A. J. Chesson and lands of Mrs. J. W. Echols and Mrs. P. Echols and on the north by the lands of Mrs. M. D. Oswalt and W. G. Frazier, and on the west by lands of Benj. Johnston and W. G. Frazier, and on the south by lands of .B. N. Chesson and Benj. Johnston but this deed is not operative until the payments herein described are fully made, and when so fully made then said lands are to have and to hold unto the said J. F. Chesson for and during his life, and at his death the same to have and to hold in fee simple to said C. W. Chesson, A. B. Chesson, Claudia O'Donnell, Lula Foster and Willie Lee Rutland, and this conveyance is without warranty from the said named grantors. In testimony whereof the said A. J. Chesson and B. F. Chesson doth hereunto set their hands and seals this 13th September, A. D. 1887."

[Rutland v. Chesson.]

All of the notes for the purchase money mentioned in this instrument were paid during the life time of J. F. Chesson the grantee of the life interest, but one of the remaindermen, J. Lee Rutland died in October, 1888, before the payment of the last note. The plaintiff succeeded to the rights and interest of J. Lee Rutland. The only question is, whether J. Lee Rutland owned an inheritable estate in the lands at the time of his death under the foregoing instrument, which descended to plaintiff, and which estate, upon the payment of the last note, became an estate in fee. The grantor accepted payment in full of the agreed price, and according to the terms of the instrument, it then became operative, and the legal title passed from him. So far then as respects the grantor the condition whether regarded as precedent or subsequent, has been fully performed and the title passed upon the performance of the condition, which was payment of the notes. The condition in the deed was made for his benefit to be taken advantage of at his election only, and whether precedent or subsequent, is not available to any other person. Willie Lee Rutland, through whom plaintiff deduces title, was named as one of the grantees, and was a beneficiary under the grant. His interest was the same as the other grantees. By no possible construction of the instrument, could the named beneficiaries' or grantees' interest be augmented by his death. The several interests of each was alike determined by the grant itself. The first taker acquired only a life estate. The grantor clearly had nothing left in him, and when it passed from him, it necessarily vested under the grant. The appellant who brought the suit contends, that there are inconsistent provisions in the instrument, in this, that the granting part of the deed conflicts with the words "shall not be operative," and invokes the rule, that when there are inconsistent provisions in a deed, the first must control. He also contends that if there be a condition, a proper construction of the whole instrument, must determine it to be a condition subsequent, and under either view, Rutland took a vested interest.

On the other hand it is contended by appellee, that the condition is precedent, and as Rutland died before the performance of the condition no estate vested in him, and plaintiff inherited nothing. The whole contention arises, from the following provision of the deed, "but this deed is not operative until the payments herein described are fully made," &c.

Looking at the deed in all its parts, we do not think the

[Rutland v. Chesson.]

legal questions which have been so fully discussed in briefs, necessarily arise. The consideration of the grant was the payment of seven hundred and seventy dollars, evidenced by three promissory notes, payable in three annual payments to the grantor, which were duly executed, and the grantee took possession under the deed. There can be no doubt that the notes were founded upon a valuable consideration, and were obligatory upon the maker, and upon default of payment of either note, the grantor could have sued and recovered judgment, and compelled payment, or filed a bill in chancery and enforced a vendor's lien upon the land. If this conclusion be correct, and we do not doubt its correctness, it cannot be contended that the purchaser took no immediate vested interest. He clearly acquired an equity by the agreement. The deed was executory, becoming executed upon payment. The provision that "the deed is not operative until the payments are made," and when construed in connection with the grant, clearly manifest the intention and effect of this provision was merely to retain title of ownership as a security for the debt. Under this construction there are no inconsistent provisions in the deed.

Suppose there were no remaindermen provided for in the deed, and the life grantee had contracted for the entire estate sold and quit claimed. Now, if after paying two of the notes he had died, would it be controverted, that his legal heir or personal representative had the right to pay the last note, perform the condition, and thereby acquire the legal title contracted for? The statement of the proposition is conclusive upon appellee.—*Bingham v. Vandegrift*, 93 Ala. 283 ; *Tufts v. Stone*, (Miss.) 11 So. Rep., 792. There can be no doubt that the remaindermen took a vested interest under the deed. It was merely equitable, until the purchase money was paid. When this was paid the legal title passed. The plaintiff, by the death of Rutland, succeeded to his equitable interest. The legal title followed the equitable estate and vested in the plaintiff. The conclusion of the trial court was erroneous.

Reversed and remanded.