# Hunter v. Austin.

*Bill in Equity by Judgment Creditor, to subject Property Fraudulently Conveyed by Debtor.*

1. *Fraudulent conveyance; partnership interest.*—In a suit to set aside, as fraudulent, the sale of an interest in partnership property by one of two partners to the other, it appeared that the solvent claims due the firm were sufficient to pay all the firm debts, except a balance due on a printing outfit purchased by the firm on conditional sale, on which a considerable amount had been paid; that the consideration of the purchase by the one partner from the other was the assumption by the vendee of all the partnership debts, and the execution of his note to the vendor for a balance agreed to be paid; and that the vendee had knowledge of the vendor's insolvent condition, and of his debt due to the complainant. *Held,* that complainant was entitled to a decree condemning the equitable interest of the debtor in the property purchased on said conditional sale, and such interest in the other property sold and conveyed as was owned by the debtor.

APPEAL from the City Court of Birmingham.
Heard before the Hon. H. A. SHARPE.

C. B. POWELL and J. G. CREWS, for appellant.

KERR & HALEY, and W. F. DICKINSON, *contra.*

COLEMAN, J.—The bill was filed by appellant, Hunter, an individual creditor of H. M. Austin, and sought to set aside as fraudulent and void a sale by Austin to Louis Brown, a copartner of Austin, of his interest in the partnership property. The bill avers that Austin was insolvent, and that his insolvent condition was known to Brown, and that the sale and purchase was made to hinder, delay and defraud complainant. The

[Hunter v. Austin.]

bill shows that the partnership property consisted of a printing establishment, its business, and some claims due the firm. The bill shows that the printing outfit was purchased from one F. G. Shepherd, who is made a party defendant, upon a conditional sale, the said Shepherd retaining the legal title to the property until the payment of the purchase money. The bill shows that the solvent claims due the firm were equal in value to all the debts of the partnership, except the balance due F. G. Shepherd for the purchase money, and that a considerable amount had been paid upon this debt. The bill shows that the consideration of the purchase by Brown was the assumption by him of all the debts of the partnership, and the payment of two hundred and forty dollars to Austin, for which he executed to him his promissory note. The bill avers, as a further benefit to Austin, that he was to be employed, and was employed, at a salary, to take charge of the business and run it for Brown. The bill prayed that the sale be annulled, and the property be sold to satisfy complainant's debt, and for general relief. There was no charge of fraud or collusion against Shepherd. The answer admitted the partnership, and the sale and purchase of the property, but denied all fraudulent purposes, and averred that the debts which he assumed to pay, and for which, as a partner, Austin was liable, were fully equal to the interest of Austin in the property sold by him. At the final hearing the court denied complainant relief, and dismissed his bill, from which decree the appeal was taken.

We are of opinion the court erred in the decree rendered. The evidence satisfactorily establishes complainant's debt, which had been reduced to judgment, and upon which execution had been returned "No property found." It also shows that Brown knew of Austin's pecuniary condition, and of complainant's debt. It also shows that, as averred in the bill, the solvent claims due the firm were sufficient to pay all the debts except that of F. G. Shepherd, the vendor holding the legal title. Upon this debt several hundred dollars had been paid, and a large proportion had not matured, and had not been paid; nor was there any evidence to show that Austin had been released or discharged. The partners, Austin & Brown, by their purchase from Shep-

herd, and payments made, acquired an equitable interest in this property. They had the undoubted equitable right, by payment of the balance due, to enforce specific performance. This interest was subject to condemnation and sale in a court of equity at the suit of a creditor.—*Bingham v. Vandegrift,* 93 Ala. 283 ; *Rutland v. Chesson,* 98 Ala. 435. A purchaser of this equitable estate would succeed to their rights. It is no answer to say that the unpaid balance of the purchase money was a full equivalent for the value of the property, and therefore the equitable interest was of no value. The same argument could be used in the case of the sale of an equity of redemption of property under a mortgage, and yet such an argument would not be considered against a creditor seeking to condemn the equity of redemption sold by a fraudulent debtor. In either case, it is an interest of the debtor subject to the claim of his creditor, and may be sold to satisfy the demand. Whether the purchaser of this equitable interest will proceed to redeem the property in the one case, or pay the balance or enforce specific performance in the other, is a different question altogether.

The specific prayer of the bill cannot be granted ; but, under the prayer for general relief, on the averments of the bill and the proof, the complainant was entitled to a decree, condemning the equitable interest of the debtor in the property purchased from Shepherd, and such interest in the other property sold and conveyed as was owned by Austin. The rights of the purchaser at this sale and the partnership creditors may be ascertained and adjusted by a proper proceeding for that purpose. The case will be reversed, and the cause remanded, that a decree may be rendered in accordance with the principles herein declared.

Reversed and remanded.