# Tanner & DeLaney Engine Co. *v.* Hall.

*Action on Promissory Notes given for Price of Machinery.*

1. *Predicate for secondary evidence of letters.*—A witness who, as agent for plaintiff, conducted the negotiations with the defendant about the matter in controversy, and who testifies, "There was correspondence between defendant and myself, but it has been lost, and I have made diligent search for it in the proper places," may thereupon state the contents or substance of the correspondence.

2. *Retention of title by vendor of personalty, and waiver thereof; purchase at sale under attachment, and re-sale at profit.*—The retention of the legal title by the vendor, when personal property is sold on a credit, is intended for his benefit and protection, and may be waived by him; and it is waived by suing out an attachment against the purchaser, having it levied on the property, and becoming the purchaser at the sale under the attachment; but, if he afterwards re-sells the property at a profit, the purchaser can not claim the benefit of the profit so realized, in reduction of the recovery against him in an action for the original purchase-money.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellant, a corporation chartered under the laws of Virginia, against Nathan Hall, as a member of the firm of Hall & Mobley; was founded on several promissory notes executed in the name of said partnership, and was commenced, as the former report of the case (86 Ala. 305-08) shows, on the 22d February, 1887. The complaint contained several counts on the notes, and also the common counts. The defendant pleaded the general issue, payment, accord and satisfaction, *nul tiel corporation*, and *non est factum*, denying that he had signed the notes, or had authorized any other person to sign them for him; and issue seems to have been joined on all of these pleas. On the trial it appeared, as the bill of exceptions shows, that the notes were given for the agreed price of an engine, boiler, and mill machinery, sold by plaintiff to said Hall & Mobley, which was operated by them for a while in Florida, where the firm was doing business. The negotiations for

the sale were conducted, on the part of the plaintiff, by W. O. Butler, its agent and business manager, whose deposition was taken on interrogatories, his answer to the third interrogatory being in these words: "There was correspondence between Hall and myself, but it has been lost. I have made diligent search for it in the proper places. The contents were as follows: Mr. Hall said in his letter that the mortgage was given to secure the notes given by Hall & Mobley; that he would pay the notes himself at maturity; that he had taken in Mobley as a partner, who was the business man of the firm, and was authorized to execute the notes." On motion of defendant, the court suppressed this answer as evidence, and the plaintiff excepted.

It was shown that, after the maturity and non-payment of some of the notes for the purchase-money of the mill and machinery, the plaintiff sued out an attachment against Hall & Mobley in Florida, where their mill was situated, and had it levied on said engine, mill and fixtures; that at the sale of the property under said attachment proceedings, the plaintiff became the purchaser at the price of $475; that its market value was at the time about $1,000, and that it was afterwards sold by plaintiff for about that sum. The court admitted the evidence as to the market value of the property, against the objection and exception of the plaintiff; and charged the jury, on request of the defendant, "that if the plaintiff re-possessed itself of the property for which the notes were given, no matter in what manner, the defendant would be entitled to a credit for its market value at that time." The plaintiff excepted to this charge as given, and also to the refusal of the following charge, asked in writing: "If said property was sold under attachment proceedings in Florida, and brought $475 at that sale, the defendant is entitled to a credit for that sum only."

The rulings on evidence, the charge given, and the refusal of the charge asked, are assigned as error.

M. E. MILLIGAN, for appellant.

STONE, C. J.—We think the Circuit Court erred in excluding from the jury that part of the witness Butler's testimony, which purports to give the contents of the correspondence between him and Hall. The plaintiff proved enough—laid a sufficient predicate—to let in secondary evidence.—*Foster v. State*, 88 Ala. 182; *Bogan v. McCutchen*,

[Tanner & DeLaney Engine Co. v. Hall.]

48 Ala. 493; *Donegan v. Wade*, 70 Ala. 501; *Pensacola R. R. Co. v. Schaffer*, 76 Ala. 233; *Martin v. Brown*, 75 Ala. 442.

The notes sued on were given as purchase-money for an engine, mill and fixtures, which were delivered to the purchasers. In the body of the notes, it was "agreed that the ownership and title of the said machinery remains in said Tanner & DeLaney Engine Company until this note is paid." Plaintiff sued out an attachment against Hall & Mobley, the apparent makers of the notes, and had it levied on the engine, mill and machinery, as the property of Hall & Mobley. This was in the State of Florida, where the machinery was situated. Under this proceeding, the property was sold, and the plaintiff became the purchaser at something less than five hundred dollars. There was proof tending to show that the engine and machinery were worth more than they sold for, and the plaintiff subsequently sold them at a price considerably above the sum for which he purchased them at the attachment sale. The main question of contest in this case is, whether the makers of the notes are entitled to a credit for the increased price obtained by plaintiff, in the re-sale of the engine, mill and fixtures.

The retention of title by the seller is a clause of the contract inserted for his benefit. It is, at most, a form of security for the payment of the purchase-money. It is not absolute ownership; for payment of the debt, or tender within a reasonable time, kept good, would devest the seller's title. So far as the rights of the purchasers were concerned, they were the owners of the property, subject only to the right and option of the seller to assert his reserved title, and the security it afforded. He alone could assert this, and he had the equal right to waive it, and treat his claim as an ordinary debt of the purchasers. And in the exercise of this option, he was entirely independent of any control or wish the purchasers could assert or make known.—*Woolridge v. Holmes*, 78 Ala. 568, and authorities collated; *Sumner v. Wood*, 77 Ala. 139.

The attachment in Florida, and sale under it, were an election to treat the property as belonging to the purchasers, and not to assert the title and lien reserved in the seller. If a stranger had purchased at that sale, there can be no question that he would have acquired a good title, and the Tanner & DeLaney Engine Company would have been estopped from asserting its lien, or reserved ownership.

[Miller v. Swann & Billups.]

The plaintiff had an equal right to purchase, and acquired an equally good title by its purchase. The defendant was not entitled to the increase of price realized on the re-sale, any more than he would have been required to suffer the loss, if the property had been destroyed subsequent to the sale, or could not have been re-sold except at a loss. This rule, however, applies only to personal property, the title to which may pass without writing. A different rule obtains when title to real estate is retained as security.—*Powell v. Williams*, 14 Ala. 476.

Several charges of the court are in conflict with the views expressed above.

Reversed and remanded.