# Bingham v. Vandegrift.

*Bill in Equity by Landlord, to enforce Claim for Rent
against Goods held by Tenant subject to Mortgage or
Conditional Sale.*

1. *Landlord's lien, and how enforced.*—The landlord's statutory lien
on the goods, furniture and effects of his tenant (Code, § 3069), is not
dependent on the remedy by attachment given to enforce it, but may
be enforced by other legal process appropriate to the particular case;
and when the tenant holds the goods by an equitable title merely,
the lien may be enforced by bill in equity.

2. *Equity of redemption in personal property; remedies of creditor.*
The equity of redemption in personal property under mortgage is
subject to levy and sale under execution at law (Code, § 2892), and
the creditor, as purchaser, is entitled to redeem on payment or tender
of the mortgage debt; but he can not compel a foreclosure of the
mortgage in equity.

3. *Conditional sale of personal property; remedies of creditor.*—When
the seller of personal property retains the title in himself until the
purchase-money is paid in full, the transaction is not a chattel mort-
gage, but a conditional sale; and if the purchaser pays part of the

[Bingham v. Vandergrift.]

price, he acquires an equitable interest in the property, which a creditor may reach and subject, by paying or tendering the balance due, or asking a specific performance in equity.

APPEAL from the City Court of Decatur, in equity.

Heard before the Hon. WM. H. SIMPSON.

The bill in this case was filed on the 10th January, 1890, by Thos. C. Bingham against George W. Vandegrift and Isaac Freiburg & Co., a partnership doing business in Cincinnati, Ohio; and sought principally to enforce payment of a debt due to complainant from said Vandegrift, for the rent of a store-house in Decatur, out of the furniture and fixtures which said Vandegrift had placed and used in the house in carrying on a liquor and billiard saloon, and which were claimed by Freiburg & Co., from whom he had bought them. An injunction was prayed to prevent the defendants from removing or disposing of the goods, and was granted on the filing of the bill; but it was dissolved on motion, after answer filed, and the decree dissolving it is assigned as error.

S. H. GRUBER, for appellant.

WERT, SPEAKE & CALLAHAN, contra, cited *Cave v. Webb*, 22 Ala. 583; *Chambers v. Ala. Iron Co.*, 67 Ala. 553; *Kennon v. Wright*, 70 Ala. 434; *Brown v. Brown*, 68 Ala. 114; *Youngblood v. Youngblood*, 54 Ala. 486; *Abraham v. Nicrosi*, 87 Ala. 173; *Sumner v. Woods*, 67 Ala. 139; *Engine Co. v. Hall*, 89 Ala. 628; 99 U. S. 235–50; 40 N. Y. 314; 28 Ohio St. 630.

COLEMAN, J.—The plaintiff rented to defendant, Geo. W. Vandegrift, a store-house which was used as a bar and billiard-saloon. The tenant failing to pay his monthly rents, his landlord sued out an attachment, to enforce his lien by levy on the goods, furniture and effects in the store-house. Being notified that the property belonged to Freidburg & Bro., the levy by attachment was not made. Plaintiff then filed the present bill, on the equity side of the City Court of Decatur, setting out along with others the foregoing facts.

The eighth and ninth paragraphs of the original bill, and the amendment to the ninth paragraph, though confused and somewhat conflicting when taken and construed together, fairly aver that Freidburg & Bro. were the vendors of the property, and that they held a chattel mortgage on the goods, furniture and effects, to secure an unpaid balance of the purchase-money. The prayer of the bill is for an injunction to restrain Freidburg & Bro. from removing the property ; and

VOL. 93.

further prays that said contract "be construed and decreed to be a chattel mortgage given to secure the unpaid balance of the purchase-money," and that the property be sold, and the proceeds applied, first, to the payment of the unpaid purchase-money, &c. An injunction issued as prayed for in the bill. Respondents answered, and with their answer submitted a motion to dissolve the injunction. The appeal is from the decree of the court dissolving the injunction.

In the case of *Westmoreland v. Foster*, 60 Ala. 448, the important inquiry was, whether the landlord's lien existed independent of the statutory remedy given for its enforcement. This court held that it did, and that such liens were enforceable by the common process of the law, in addition to the statutory remedy provided, citing *Price v. Pickett*, 21 Ala. 741; 2 Story Eq. Jur. §§ 1227, 1231. Code of 1886, § 3069, gives the landlord a lien upon the goods, furniture and effects of the tenant. Where the goods and effects upon which the law fixes a lien are held by an equitable title only, not subject to levy by attachment, no court except one of equity jurisdiction could reach and enforce the lien given by the statute. If the title of Freidburg & Bro. be that merely of a mortgagee, there was an equity of redemption in the mortgagor, subject to levy and sale by proper process from the common-law courts.

This brings up for consideration what we regard as a fatal defect in complainant's bill. The owner of the equity of redemption has no right against the mortgagee, except the right to redeem. He can not compel the mortgagee to foreclose his mortgage, neither will a court of equity, at the suit of a creditor of the mortgagor, foreclose the mortgage.—*Kelly v. Longshore*, 78 Ala. 205; *Pratt v. Nixon*, 91 Ala. 192; *Ware v. Hamilton Brown Shoe Co.*, 92 Ala. 145. If the owner of the equity of redemption is not entitled to such relief, much less can one who is a mere creditor of the owner of the equity of redemption.

So far the case has been considered on the theory of complainant's bill. The answer and exhibits present a state of facts, which, if true, show that Freidburg & Bro. were the owners of the property in question, and sold it for nineteen hundred dollars, one thousand paid in cash, and the remainder in two deferred payments, each for four hundred and fifty dollars. The written instrument of sale provides as follows: "Said J. Freidburg & Bro., retaining the title to the property herein sold until said sum is paid, do hereby bargain, sell and convey," &c. These provisions constitute a conditional sale, and not a chattel mortgage.—*Sumner v. Woods*, 67 Ala. 139; *Fairbanks v. Eureka Co.*, 67 Ala. 113; *Tanner v. Hall*,

[Bingham v. Vandergrift.]

89 Ala. 630. In such a contract there is no such right as the equity of redemption in the purchaser.

The retention of title by the vendor in such a case, however, does not make him the absolute owner of the property. Payment, or tender within a reasonable time, kept up, would divest the seller's title.—89 Ala. *supra*. Payment in part by the purchaser invests him, or his assignee or vendee, with an equitable interest in the property, which may be reached in a court of equity by a creditor of the owner of this equitable interest. Such a creditor, or assignee or vendee could acquire no greater right than the debtor or assignor or vendor. His rights are, as we have seen, conditional, to become absolute upon payment or tender within a reasonable time, kept good; and he could also have specific performance enforced, upon a bill filed for that purpose, sustained by proof.

We have seen that the creditor of a mortgagor, who has become the owner of the equity of redemption, can only redeem from the mortgagee; and, by analogy and on sound principles, a creditor of the owner of an equitable interest in property, acquired by purchase under a conditional sale, the legal title having been retained by his vendor to secure the payment of the balance of the purchase-money, can have no greater rights than his debtor. He can not compel a foreclosure or sale. His remedy is to pay the balance due, or keep good a tender, or apply to the courts for a specific performance.

Assignments of error based upon the proposition that the court had no right to hear or determine the motion at the time it was heard, are without merit. The court was in regular session. Notice of the motion was served on the 16th, and although the 17th was set down for the hearing, it was not heard or determined until after plaintiff had amended his bill, which was allowed by the court on the 20th, more than three days after the service of notice of the motion.

The pleadings are loosely drawn, and open to objection; and we would add, for the benefit of respondents, that personal reflections add neither merit nor force to averment of facts, are unnecessary in any pleadings, and are especially out of place in chancery pleading.

The judgment of the court dissolving the injunction is fully warranted by the principles declared in the foregoing opinion, and must be affirmed.

Affirmed.