# Elmore *v.* The State.

*Indictment for Obtaining Money Under False Pretenses*

1. *Indictment for obtaining money under false pretenses; admissibility of evidence.*—On a trial under an indictment charging defendant with obtaining money from one B. by means of fraudulently and falsely pretending that he had a bale of cotton at a ginnery, where a witness for the State testifies that B. directed him to go to the ginnery where the cotton was represented to be, and that "the bale of cotton was not there," it is competent for the State to ask such witness "Did you go to that ginnery and get the cotton?" and it is proper for the court to allow the witness to answer the question.

2. *Evidence; when ruling thereon without injury.*—On the trial of a criminal case, when the court sustains an objection to a question asked the State's witness by the defendant on cross-examination, and thereafter the court states to the defendant's counsel that he may ask the question, but the counsel declines to ask the question, whereupon the court asks the question and the witness answers it, the rulings of the court in sustaining the objection as first asked, if error, is without injury.

3. *Obtaining money under false pretenses; diligence of the person defrauded; charge of court to jury.*—On a trial under an indictment charging the defendant with obtaining money from one B. by means of fraudulently and falsely pretending that he had a bale of cotton at a ginnery, where there is evidence tending to show that the defendant applied to B. for a loan

[Elmore v. The State.]

of money and showed him a sample of cotton which he stated was from a bale of cotton belonging to him stored at the ginnery indicated by the paper which he said was a cotton receipt, and that B. did not read the paper, but in reliance on defendant's representation he loaned him the money and took from him the paper he called a cotton receipt, and therefor gave the defendant a pawn ticket purporting to be issued by a certain loan company under which name B. conducted business, and it was further shown that the paper claimed by the defendant to be a cotton receipt had printed on it the statement that it was not a cotton receipt, a charge is erroneous and properly refused which instructs the jury that if they believe "by proper diligence B. could have at that time informed himself as to the correctness of said receipt, and failed so to do, then the jury must find the defendant not guilty."

4. *Same; charge of court to jury.*—In such a case a charge is erroneous and properly refused which instructs the jury that if they "believe the evidence they must find the defendant not guilty."

5. *Same; same.*—In such a case a charge is erroneous and is properly refused at the request of the defendant, which instructs the jury that if they believe from the evidence that the money was obtained from the designated loan company and not from B., "then there is a variance between the allegation and the evidence, and the jury must find the defendant not guilty."

APPEAL from City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case, Dick Elmore, was indicted, tried and convicted for obtaining money under false pretense. The facts of the case are sufficiently stated in the opinion.

The defendant requested the court to give the following written charges to the jury, and separately excepted to the court's refusal to give said charges as asked: (1.) If the jury believe that by proper diligence M. S. Blank could have at that time informed himself as to the correctness of said receipt, and failed so to do, then the jury must find defendant not guilty." "(2.) If the jury believe the evidence they must find the defendant not guilty." "(3.) The court charges the jury that if they believe from the evidence that the money was obtained from the Capital Loan Company, and not from

M. S. Blank, then there is a variance, between the allegations and the evidence, and the jury must find the defendant not guilty"

No counsel marked as appearing for Appellant.

MASSEY WILSON, Attorney General, for the State.— Cited Code, § 4333; *Jackson v. State,* 94 Ala. 85.

SHARPE, J.—By the indictment defendant was charged with obtaining money from one Blank by means of falsely and fraudulently pretending that he had a bale of cotton at a Montgomery ginnery. On the trial there was evidence tending to show defendant applied to Blank for a loan of money and showed him cotton, which he said was a sample of a bale of cotton belonging to him and stored in the name of another at a ginnery indicated by a paper he exhibited, which paper he said was a cotton receipt. The paper purported to be a statement having printed thereon, "No. 5474. Round Bale Ticket. Alabama Cotton Oil Co., Montgomery Ginnery." Elsewhere on the face of this paper were the printed words, "This is not a cotton receipt," and other words mentioning "seed cotton," "lint cotton," "cotton seed" and "ginnery charges." Evidence also tended to show Blank did not read this paper but that in reliance upon defendant's representation he loaned defendant the money and by way of security took from defendant the paper he called a cotton receipt, and therefor, gave the defendant a pawn ticket, purporting to be issued by "Capital City Loan Company," under which name Blank conducted business. A witness for the State gave testimony tending to show that at Blank's instance he went to the ginnery mentioned in the paper called a cotton receipt, and that "the bale of cotton was not there." Against a general objection of the defendant the court allowed this witness to answer the question, "Did you go to that ginnery and get the cotton?" Obviously this action of the court was proper. An exception was reserved because an objection to a question asked a witness for the State on cross-examination was sustained. Thereafter the court referring to this

matter said to defendant's counsel, "On further consideration the witness may answer the question." Defendant's counsel declined to again ask the question, whereupon the court asked, and the witness answered it. If the first ruling on this objection was erroneous it was by the second ruling cured, and rendered harmless to defendant.

From the evidence above referred to it was open to the jury to find that the loan was made in reliance on verbal misrepresentation of the defendant as to his ownership of cotton and as to the character of the paper labeled "Round Bale Ticket," and that the misrepresentations by themselves, or together with the general appearance of the paper, were such as might have caused one in the exercise of reasonable prudence to lend the money without careful inspection of the paper. Hence the question of defendant's guilt did not necessarily depend on whether Blank used diligence to inform himself of the character of that paper as is assumed by charge 1.

With reference to charge 2 it is enough to say, the evidence was not such as if believed, required a verdict of not guilty.

In the absence of evidence to show that "Capital City Loan Co." was other than a name used by Blank, or that the money was obtained from any one other than Blank, there was nothing upon which to predicate a variance between the evidence and the indictment in the particular indicated by charge 3.

No error appearing in the record, the judgment will be affirmed.