# Davis *v.* Millings.

*Detinue for Horse.*

1. *Conditional sales; failure to pay installments under effect of.*
   Where, on the sale and delivery of personal property on credit, the title is reserved to the vendor until payment, the vendor, upon non-compliance with the conditions of sale by the vendee, may either retake the property, no matter in whose hands it is, or he may treat the sale as absolute, and bring an action for the price, but the assertion of either right is an abandonment of the other.

2. *Same; what evidence proper to show.*—Where the evidence is conflicting as to whether a sale was conditional or absolute, it is error to refuse to allow the defendant to answer the following question: "Tell the jury, at the time the contract was made between you and Will Millings (the plaintiff), whether or not there was any agreement between you and Will Millings as to your taking possession of the horse on default of payments, and if so, what was that agreement?"

VOL. 141.

[Davis v. Millings.]

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

The appellee brought this action of detinue against the appellant for the recovery of a horse, and there was a verdict and judgment in his favor. The material evidence is stated in the opinion. On the trial the appellant was examined as a witness, and asked this question: "Tell the jury, at the time the contract was made between you and Will Millings (the plaintiff) whether or not there was any agreement between you and Will Millings as to your taking possession of the horse on default of payments, and if so, what was that agreement?" The court sustained an objection to this question on the ground that it was leading, suggested the answer, and the witness had already stated the contract, and the appellant excepted.

At the request of the plaintiff the court charged the jury as follows: "If the jury believe the evidence in this case, they must find for the plaintiff," and the appellant excepted. The court refused the following charge, requested by the appellant, and he excepted: "I charge you, gentlemen of the jury, that if you believe from the evidence in this case that J. C. D. Davis sold the horse in question here to the plaintiff, and retained the title until paid for, and he has not been paid the purchase money, your verdict must be for the defendant."

The ruling of the court on the evidence, and the charges given and refused, are now assigned as error.

PINKNEY SCOTT, for appellant.—The question propounded to Davis should have been allowed by the court; it was not leading and was clearly relevant to the issues in the case. The evidence being in conflict on the material issues the general charge should not have been given. The written charge requested by the appellant was clearly supported by the evidence in the case, and should have been given as requested.

W. S. WELCH, contra.—The question propounded to Davis was leading and suggestive of the answer, and

therefore erroneous. The general charge was properly given, as the testimony of Davis tended to show a verbal mortgage which was clearly void.

HARALSON, J.—As to conditional sales of personal property on the installment plan for payments of the price, it is said, that the prevailing rule in America is, that the title does not pass until the installments are fully paid.—Benjamin on Sales, American Notes, (7th ed.) p. 298. Again it is said in the same volume, page 301, "If the condition of payment is not fully complied with or is waived, the original vendor's rights become perfect and absolute, and he may follow the property into whosesoever hands it is, or recover its full value, and without any deduction for any partial payment made by the original vendee; at law they are all forfeited." Citing many authorities.

In the Am. & Eng. Ency. Law, (2d ed.) 480, it is said: "Where, on the sale and delivery of personal property on credit, the title is to remain in the vendor until payment, the vendor, upon the non-compliance with the conditions of sale by the vendee, may either retake the property or may treat the sale as absolute and bring an action for the price, but the assertion of either right is an abandonment of the other."—Miller on Conditional Sales, pp. 62, 63; *Loomis v. Bragg,* 50 Conn. 228; *Heath v. Randall,* 4 Cush. (Mass.) 195; *Tanner v. Hall,* 89 Ala. 628.

In this case, the evidence for the plaintiff tended to show an absolute sale of the horse sued for, at $60.00, on a credit; that he paid at different times about $28.00, when defendant came to his house and took the horse away.

The defendant testified that he sold the horse to plaintiff on the condition that he was to pay him $65.00 for him in monthly installments, and with the express understanding that the horse was to remain the property of defendant until he was paid for in full; that he was to pay $10.00 in April, May and June, 1902, and $15.00 in July and August, and the balance in an account that defendant owed the plaintiff,

payments to be made in the first of each of these months; that at the time he took the horse into his possession, on the 4th of July, 1902, plaintiff was owing him, defendant, a part on June payment and all on the July installment; and before taking the horse, he had requested plaintiff several times to pay him, and he had been putting him off; that on the 4th of July, he went to his house to see him, and found him absent, and finding the horse in a lane, looking badly and swinnied, he told plaintiff's wife he would take the horse home with him, together with a wagon he had loaned to plaintiff, and that the horse was well and in good condition when he sold him to plaintiff.

The defendant proposed to testify, that plaintiff and he had an agreement about his taking possession of the horse on failure of plaintiff to pay for him, and asked the defendant, who was being examined, to "Tell the jury, at the time the contract was made between you and Will Millings, (the plaintiff), whether or not there was any agreement between you and Will Millings as to your taking possession of the horse on default of payments, and if so, what was that agreement?" The question was objected to, on the ground that it was leading, suggested the answer, and the witness had already stated the contract, which objections were erroneously sustained. The question was not leading, nor did it suggest an answer, and for the last ground, if the witness had already testified as to the contract, and omitted to state one of its terms, he had a right to state the whole of it. If there was an agreement, as one of the conditions of sale, such as the question implied there may have been, it was relevant and proper to be shown.

The general charge requested by the plaintiff should not have been given. The evidence was in conflict as to whether the transaction was an absolute or a conditional sale.

The charge requested by defendant and refused, was a correct statement of the law and should have been given.

Reversed and remanded.

McClellan, C. J., Dowdell and Denson, J. J., concurring.