# Steele *v.* The State.

## *False Pretense.*

(Decided Feb. 11, 1909.   48 South. 673.)

1. *Contracts; Conditional Sale; Execution; Attestation.*—One who receives a salary and has no interest in the goods sold other than the fact that he is the credit man and has charge of conditional sales of the firm, is not incompetent to witness the execution of the contract of conditional sale given to the firm.

2. *Same; Construction.*—The courts look to the purpose of a contract rather than the name given it by the parties in determining its real character.

3. *Sales; Conditional Sale; Removal of Stuff by Vendee.*—The contract in this case examined and held to constitute a conditional sale entitling the vendors to protection afforded by section 7342, Code 1907.

4. *Same; Offense; Claim.*—The use of the word, claim, under section 7342, Code 1907, is in its popular sense signifying a right to claim; a just title to something in the possession of or at the disposal of another.

5. *Trial; Directing Verdict.*—In a prosecution for removing furniture under a contract of conditional sale in violation of section 7342, Code 1907, where the contract is properly received in evidence as being within the terms of the statute, the court properly refused to direct the verdict on the theory that the offense was not comprehended by such section.

6. *Charge of Court; Unintelligible Instructions.*—Unintelligible instructions are always properly refused.

[Steele v. The State.]

Appeal from Gadsden City Court.

Heard before Hon. Alto V. Lee.

Sam Steele was convicted of violating section 7342, Code 1907, and he appeals. Affirmed.

The contract is in the following words: "State of Alabama, County of Etowah. Sam Steele has this day rented of Frank & Hagedorne the following property, to wit: Four mattresses, $10; 3 beds, $10; 1 table, $3.50; 1 stove, $15; 4 springs, $13.50—of the agreed value of $51.50, with interest from date, payable $———cash, balance at the rate of $3 per two weeks, which property I agree to keep at No. 22 Lake Front street, in Alabama City, and not to remove the same without the consent of said Frank & Hagedorne. The title to said property shall remain in said Frank & Hagedorne until the whole amount of said lease has been paid. In case I fail to make any payment, the whole amount shall become due, and they shall have the right to sue and recover the same; and in case I fail to make any of the payments they shall have the right to take possession of the property without legal process, and all payments made shall be applied for the use of said merchandise. I further agree that each and all payments shall be placed to my credit as payment on this lease, or any other goods which I may owe for to said Frank & Hagedorne by open account or by other lease, and I shall have no title to this lease until my account shall have been settled in full." Then follows the waiver of exemptions and agreement to pay attorney's fees. Signed: "Sam Steele," by mark, and witnessed by Lee Freibaum. The objections to the introduction of this lease sufficiently appear in the opinion.

The following charges were refused to defendant: (1) General affirmative charge. (2). "The court charges the jury, before you can convict the defendant, the state-

ments must show you beyond a reasonable doubt that defendant under a written instrument, lien, contract by law, for rent or advances, or any other lawful or valid claim, verbal or written, with knowledge of the existence thereof for the purpose of hindering or delaying Frank & Hagedorne. (3) When the defendant moved the goods as shown by the evidence, had at the time a purpose to hinder or delay or defraud Frank & Hagedorne."

CATO D. GLOVER, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney-General, for the State. The charges do not appear to have been requested in writing and the presumption will be indulged that they were not so requested.—*Henderson v. The State,* 137 Ala. 83. In any event, they were requested in bulk, and contained the affirmative charge.—*Verberg v. The State,* 137 Ala. 73. A verbal contract of conditional sale is valid in Etowah County.—*Dudley v. Abner,* 52 Ala. 572; *Goodgame v. Sandwich,* 140 Ala. 247.

SAYRE, J.—The defendant was indicted and convicted for removing certain articles of house hold furniture in violation of section 7342, Code 1907. Defendant had purchased the articles in question from the firm of Frank & Hagedorne, and the relations of the parties in respect to the property were evidenced by a paper writing, signed by the defendant, which, beginning with a recital that the vendors had "rented" the property to defendant, provided that the title to the property should remain in the vendors until the whole amount of the purchase money was paid, the same to be paid in specified installments, and in case there was failure to

make any payment the vendors reserved the right to take possession without legal process. There was further provision that all payments should be placed to the credit of defendant as payments on the "lease," as it is in places termed, or any other goods for which he might owe the vendors by way of open account on any other "lease," and that the defendant was to have no title to the "lease" until his account should be settled in full.

Defendant executed the writing by making his mark, which was witnessed by one Freibaum, who was bookkeeper and credit man for the vendors, and, as the bill of exceptions states, the evidence showed that he controlled all matters pertaining to the sale of the furniture in question, but was a man on salary and had no pecuniary interest in the transaction. The writing was admitted to the consideration of the jury over the objection and exception of the defendant. Freibaum was a mere agent, and had no such direct and immediate interest in the contract as would render him incompetent to attest the execution of the writing.—*Sowell v. Bank of Brewton,* 119 Ala. 92, 24 South. 585.

Other objections to the admission of the writing appear to have proceeded on the idea that the vendors, having retained the legal title, had a general property in the goods, which was the subject of larceny or embezzlement, and no such mere claim as entitled them to the protection afforded by section 7342. In determining the real character of a contract, courts look to its purpose rather than to the name given to it by the parties. The contract in question was a contract of conditional sale, the effort to disguise it as a lease to the contrary notwithstanding.—6 Am. & Eng. Enc. Law, 447. The retention of title by the vendors did not make them the absolute owners of the property.—*Bingham v. Vandergrift*

93 Ala. 283, 9 South. 280.   It was, at most, a form of security for the payment of the purchase money.—*Tan ner v. Hall*, 89 Ala. 628, 7 South. 187.   The contract committed the property to the defendant for himself, and not for the vendors.   He had the rights of user and enjoyment which are essential characteristics entering into the legal notion of property.   The contract did not contemplate a redelivery of the property to the vendors so long as its terms were observed, and its character was fixed upon its execution and delivery.   If honestly entered into by the defendant, it did not reserve to the vendors a property right which is protected by the statutes against larceny; nor did it confer possession on the defendant as clerk, agent, servant, or apprentice of vendors, so as to render his amenable to the statute against embezzlement.

The word "claim" in the statute is used in its popular sense, and signifies a right to claim; a just title to something in the possession or at the disposal of another. —Century Dictionary.   In *May v. State*, 115 Ala. 14, 22 South. 611, it was ruled that a mortgagee, after the law day of the mortgage, was a person having a claim to property embraced in the mortgage under a written instrument, within the language of section 3835, Code 1886, now section 7342, Code 1907.   Accordingly, we hold that the objection taken by the defendant was not well taken.

The general affirmative charge, refused to the defendant, seems to have been intended to reiterate the objections which had been urged to the writing as evidence. That writing properly admitted, the case was clearly one for the jury.   Two other charges refused, as they appear in the transcript of the record, are unintelligible, and were properly refused.

Affirmed.

DOWDELL, C. J., and ANDERSON, MCCLELLAN, and MAYFIELD, JJ., conccur.