(90 South. 895)

### STATE v. WHITE FURNITURE CO. (7 Div. 709.)

(Court of Appeals of Alabama. June 30, 1921. Rehearing Denied July 19, 1921.)

Taxation ⬯219—Credits arising out of conditional sales contracts are exempt from taxation, as "solvent credits."

Under Acts 1919, p. 283, § 2, exempting "solvent credits" from taxation, credits arising out of conditional sales of goods, title to which is retained by the seller as security for payment, are exempt; the purchasers being the owners of the property, subject only to the seller's option to assert his reserve title.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by the State of Alabama against the White Furniture Company, a partnership, to recover taxes on goods covered by a conditional sale contract. Judgment for defendant, and plaintiff appeals. Affirmed.

Certiorari denied 206 Ala. 575, 90 South. 896.

The contract in question provides:

"And until such amount is fully paid, the title to said property shall be and remain in the

White Furniture Company, * * * and if I fail to pay any one of said installments when due, or remove or attempt to remove any part of said property or permit its removal, or any part of said property is seized by legal process, all installments shall become due and payable and sellers are authorized to enter my home and take the property. If the property is retaken, sellers shall retain and recover as rents all installments regularly maturing before such retaking, and in case the property is destroyed, the buyer shall bear the loss."

The other facts sufficiently appear.

Harwell G. Davis, Atty. Gen., and Alto V. Lee, of Gadsden, for the State.

The lease contract was taxable. Acts 1919, p. 287; 54 Ala. 499; 21 Ill. 171, 74 Am. Dec. 93; 188 Ala. 487, 66 South. 169, L. R. A. 1915A, 185, Ann. Cas. 1916E, 752; 188 Ala. 171, 66 South. 47; sections 44 and 46, p. 287, Acts 1919. Taxation is the rule and exemption the exception. 74 Ala. 583; 77 Ala. 580; Cooley, Taxation, 146; 188 Ala. 169, 66 South. 47. The legal title is unquestionably in the White Furniture Company. 98 Ala. 644, 13 South. 525; 139 Mass. 266, 1 N. E. 419. The buyer was the agent of the owner, and not liable for the taxes. 37 Cyc. 798; 105 La. 146, 29 South. 494; 38 Fed. 69, 13 Sawy. 622, 2 L. R. A. 773; 38 Neb. 720, 57 N. W. 512; 95 Wis. 424, 69 N. W. 819; 221 U. S. 404, 31 Sup. Ct. 574, 55 L. Ed. 787; 69 W. Va. 439, 71 S. E. 580, 35 L. R. A. (N. S.) 669.

P. E. Culli, of Gadsden, and Arlie Barber, of Birmingham, for appellee.

The lease or conditional sales contract was not taxable. 37 Cyc. 724; 73 Ala. 65; Acts 1919, p. 282; 31 Ala. 160; 113 N. Y. 174, 21 N. E. 87, 3 L. R. A. 464; 16 Ala. App. 355, 78 South. 100. Section 2, Acts 1919, expressly exempted these contracts. 188 Ala. 505, 66 South. 169, L. R. A. 1915A, 185, Ann. Cas. 1916E, 752; 141 Ala. 11, 37 South. 692; 188 Ala. 160, 66 South. 41, L. R. A. 1915A, 538. The White Furniture Company was not the legal owner. 89 Ala. 630, 7 South. 187; 159 Ala. 12, 48 South. 673; 141 Ala. 380, 37 South. 737.

BRICKEN, P. J. This is an appeal from a judgment of the circuit court of Etowah county declaring void the following assessment against the White Furniture Company, to wit:

"All other property, real, personal, and mixed not hereinbefore specified, merchandise and property covered by conditional sales contract. $14,000.00."

This assessment and valuation was made by the county tax adjuster and on appeal to the court of county commissioners was affirmed. The cause was taken to the circuit court and was tried there without the intervention of a jury on an agreed statement of facts.

The White Furniture Company is a partnership composed of R. R. White and H. H White, and was engaged in the business of a retail furniture dealer in Gadsden. In the conduct of its business it sold a great deal of furniture and received from the purchasers conditional sale contracts to secure the payment of the amount due on such sales. These conditional sale contracts provided that the title of the furniture sold under them should remain in the White Furniture Company until the purchase money was paid in full. The furniture under this agreement was delivered to the purchasers. All of the contracts contained this provision:

"And if I fail to pay any one of the said installments when due, or remove or attempt to remove any part of said property or permit its removal, or any part of it is seized by legal process, all installments shall become due and payable and sellers are authorized to enter my house and take the property. If property is retaken, sellers shall retain and recover as rents all installments regularly maturing before such retaking. All exemptions are waived in favor of this contract. I agree to pay recording fee and, in case of default, a reasonable attorney's fee."

The sole question presented on this appeal is, as declared in the agreed statement of facts:

"Whether under the revenue laws of the acts of 1919 of the state of Alabama, the property assessed under said above assessment, being the furniture sold as above set out and for which the White Furniture Company holds said leases or conditional sales contracts, or the leases and conditional sales contracts themselves, are subject to assessment and payment of taxes. Or whether the White Furniture Company after having sold the furniture and delivered the same to the various purchasers for which it holds such leases or conditional sales contracts is liable for and should not assess and pay taxes on furniture so delivered and sold, or on the leases or conditional sales contracts."

The relation between the White Furniture Company and a purchaser of furniture, where there was an agreement by which the title of the furniture was retained by the White Furniture Company until the payment of the purchase money, was that of creditor and debtor. The retention of title operated as security for the payment of the debt. In support of this conclusion, Chief Justice Stone, in the case of Tanner v. Hall, 89 Ala. 628, 7 South. 187, says:

"The retention of title by the seller is a clause of the contract inserted for his benefit. It is, at most, a form of security for the payment of the purchase money, it is not absolute ownership; for payment of the debt, or tender within a reasonable time, kept good, would divest the sellers' title. So far as the rights of the purchasers were concerned, they were the owners of the property, subject only to the right and option of the seller to assert

his reserve title, and the security it afforded. He alone could assert this, and he had the equal right to waive it, and treat his claim as an ordinary debt of the purchasers. And in the exercise of this option, he was entirely independent of any control or wish the purchasers could assert or make known."

This same principle has been repeatedly announced by our Supreme Court. We find no difficulty therefore in holding that the White Furniture Company acquired by virtue of the transactions set out in the agreed statement of facts "solvent credits," and as far as our statutes and laws upon the subject of taxation are concerned, nothing more. Steele v. State, 159 Ala. 9, 48 South. 673; Davis v. Milling, 141 Ala. 378, 37 South. 737.

Under section 2 of the Acts of 1919, p. 283, "all money on deposit in any bank or banking institution in this state, and all solvent credits," are exempt from taxation.

It is our opinion that the credits held by the White Furniture Company arising out of sales made as shown by this agreed statement of facts are exempt from taxation.

The judgment of the circuit court is in accord with these views and is affirmed.

Affirmed.