214 So.2d 924

**William L. FRANKLIN**

v.

**STATE.**

**5 Div. 703.**

Court of Appeals of Alabama.

Oct. 8, 1968.

Ruth S. Sullivan, Dadeville, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant stands convicted of the offense of obtaining property by false pretense. Title 14, Sec. 209, Code 1940.

The evidence for the state tends to show that on May 27, 1967, defendant purchased a new 1967 Chevrolet Caprice automobile from McKelvey Chevrolet Corporation, Dadeville, Alabama, upon a conditional sales contract, giving in trade a 1965 LTD Ford automobile. The difference in price between the Ford and Chevrolet was $2195.-00. Upon execution of the contract and delivery of the Ford defendant was put in possession of the Chevrolet. By the terms of the conditional sales contract title was reserved in the vendor until the full purchase price was paid. The contract was assigned to General Motors Acceptance Corporation.

Defendant told Mr. Joe McKelvey, an officer of the Corporation, that the Ford was paid for and showed him a bill of sale from Daniel Motor Company, Opelika, marked paid. Shortly thereafter The

American Finance Company repossessed the Ford.

The appellant contends that reservation of title in the vendor is conclusive of the fact that only possession of the Chevrolet was obtained, whereas both title and possession must have been obtained by fraud to constitute the offense charged. Reliance is had upon the statements in Murchison v. State, 32 Ala.App. 427, 26 So.2d 622, and Jackson v. State, 33 Ala.App. 42, 31 So.2d 514 to the effect that if the possession of the property is obtained by fraud and the owner intends to part with the title as well as the possession, the offense is that of obtaining property by false pretense.

In Whitmore v. State, 238 Wis. 79, 298 N.W. 194, 134 A.L.R. 872, the court said that where "goods are sold under a conditional sales contract and the legal title is merely retained for purposes of security, the vendee gets a sufficient property interest to support a conviction of obtaining money by false pretenses provided the other requisites of the offense are present. As pointed out in Chappell v. State [216 Ind. 666] 25 N.E.2d 999, the doctrine that one must obtain title and possession in order to be guilty of the crime of false pretenses cannot mean an absolute title because any title obtained by fraud is voidable and the requirement would make it impossible for the crime to be consummated."

In Tanner & De Laney Engine Co. v. Hall, 89 Ala. 628, 7 So. 187, Chief Justice Stone said: "The retention of title by the seller is a clause of the contract inserted for his benefit. It is, at most, a form of security for the payment of the purchase money. It is not absolute ownership; for payment of the debt, or tender within a reasonable time, kept good, would divest the seller's title. So far as the rights of the purchasers were concerned, they were the owners of the property, subject only to the right and option of the seller to assert his reserved title, and the security it afforded." See also Steele v. State, 159 Ala. 9, 48 So. 673; State v. White Furniture Co., 18 Ala.App. 249, 90 So. 895.

We are of opinion the defendant acquired a sufficient property interest in the Chevrolet automobile to support the conviction of the crime of obtaining property by false pretense.

The second contention is that the offense of obtaining property by false pretense is not established because the evidence fails to show that the vendor delivered the Chevrolet in sole reliance upon the defendant's sttaements that the Ford was fully paid for. There is no merit in this contention. The vendor relied both upon this statement and the conditional sales contract.

It is not necessary to a conviction that the false pretense must have been the sole, exclusive or decisive cause operating to induce the owner to part with his property; it is sufficient if he would not have parted with it in the absence of the false pretense. Woodbury v. State, 69 Ala. 242.

The proof was sufficient to sustain the conviction.

The judgment is affirmed.

Affirmed.