Petitioner John P. Day was convicted of theft in the first degree, under Code 1975, § 13A-8-3, and sentenced to a term of ten years' imprisonment. The Court of Criminal Appeals,481 So.2d 1164, affirmed Day's conviction and denied his application for a rehearing and his Rule 39 (k), A.R.A.P., motion to supplement the facts stated in that court's opinion. Subsequently, Day submitted to this Court a petition for writ of certiorari, which we granted.[1] We reverse the judgment below.
Briefly stated, the facts are as follows: Judy Hix, an undercover FBI agent, learned that Day wanted to sell diamonds allegedly won in a poker game. Hix approached Day through a go-between, and Day eventually offered to sell Hix a 1.3-carat diamond for $3,300. Hix purchased the stone, which turned out to be a zirconia stone, not a diamond. Day was subsequently arrested and charged with theft by deception.
Day argues that the Court of Criminal Appeals erred in holding that the defendant's intent is the paramount consideration in theft by deception, codified at Code 1975, §13A-8-2 (2), and that the victim's reliance on the deception is not an element of the offense. Day asserts that: (1) reliance is an element of the offense; (2) Hix did not rely on Day's false representations; and (3) the trial court erred by refusing to charge the jury on the reliance element. Thus, the issue presented is whether reliance is an element of theft by deception. We have not directly addressed the issue since the legislature revised the Criminal Code in 1977, effective January 1, 1980. We address the issue now to eliminate confusion and uncertainty in the appellate decisions below.
Section 13A-8-2 (2) provides:
 "A person commits the crime of theft of property if he:
". . . .
 "(2) Knowingly obtains by deception control over the property of another with intent to deprive the owner of his property."
Code 1975, § 13A-8-2 (2). Section 13A-8-1 defines deception:
"(1) Deception occurs when a person knowingly:
 "a. Creates or confirms another's impression which is false and which the defendant does not believe to be true; or
 "b. Fails to correct a false impression which the defendant previously has created or confirmed; or
 "c. Fails to correct a false impression when the defendant is under a duty to do so; or
 "d. Prevents another from acquiring information pertinent to the disposition of the property involved; or
 "e. Sells or otherwise transfers or encumbers property, failing to disclose a lien, adverse claim or other legal impediment to the enjoyment of the property when the defendant is under a duty to do so, whether that impediment is or is not *Page 1171 
valid, or is not a matter of official record; or
 "f. Promises performance which the defendant does not intend to perform or knows will not be performed. Failure to perform, standing alone, however, is not proof that the defendant did not intend to perform.
 "The term `deception' does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons. `Puffing' means an exaggerated commendation of wares or services."
Code 1975, § 13A-8-1.
Under this definitional language, subsections (a), (b), and (c) require the existence of a false impression in the victim's mind due wholly or partly to the perpetrator's words, acts, or omissions. Therefore, reliance is obviously a necessary element under the first three subsections. On the other hand, subsections (d), (e), and (f) omit the phrase "false impression" and, thus, seem to indicate that the victim's awareness or nonawareness of the deception is not critical. However, not to require a victim's reliance under the latter three subsections would render the former three subsections practically meaningless; in particular, subsection (f) could almost subsume the other subsections. Therefore, in order to read all parts of the statute together and give each word meaning and effect, we hold that reliance is an element of the offense of theft by deception. The following review of authorities reinforces our reading of the statute.
The former general false pretense statute punished anyone "who, by false pretense or token and with the intent to injure or defraud, obtain[ed] from another any money or other personal property." Code 1975, § 13-3-90. In applying the statute, the courts read a reliance requirement into the law. The pretense itself must be a material one, furnishing an inducing, controlling motive for the victim in parting with his property,Ex parte Thaggard, 276 Ala. 117, 159 So.2d 820 (1963), though it need not be the sole or exclusive cause for the loss.Franklin v. State, 44 Ala. App. 521, 214 So.2d 924 (1968). The fact that the victim was not diligent, but imprudent, will not negate his reliance if the misrepresentation would have caused a reasonably prudent person to act. Elmore v. State, 138 Ala. 50,35 So. 25 (1903). The gist of the offense is the deception imposed upon the victim's confidence which causes him to intend to part with his property (title) without a fair opportunity to bargain. See Carlisle v. State, 76 Ala. 75 (1884).
Despite its holding in the present case, the Court of Criminal Appeals, on at least one occasion, has followed the above-quoted pre-Criminal Code case law in regard to reliance. Last year in McMurphy v. State, 455 So.2d 924 (Ala.Crim.App. 1984), the court held that the giving of a check, without contrary explanation, was a representation that the defendant had sufficient funds on hand and that the representation operated as an inducement for the injured party to part with the goods. The court added, "[T]he seller was thereby deceived. . . ." 455 So.2d at 928. According to the McMurphy court:
 "Generally, Alabama cases which involve deception are pre-Criminal Code cases tried under the charge of false pretenses. The crime of false pretenses now constitutes theft under the new criminal code. St. Paul Fire Marine Ins. Co. v. Veal, 377 So.2d 962
(Ala. 1979); Commentary, Ala. Code §§ 13A-8-2
through §§ 13A-8-5 `False Pretenses,' at 269.
 "The elements of false pretenses were: (1) the pretense, (2) its falsity, (3) obtaining property by reason of the pretense, (4) knowledge on the part of accused of falsity of the pretense, and (5) intent to defraud. Mitchell v. State, 56 Ala. App. 718, 325 So.2d 509 (1975), cert. denied, 295 Ala. 412, 325 So.2d 513 (1976); Holloway v. State, 37 Ala. App. 96, 64 So.2d 115, cert. denied, 258 Ala. 558, 64 So.2d 121 (1952).
 "False pretense must have operated as an inducement for the injured party to part with goods or money. Smith v. *Page 1172 State, 409 So.2d 927 (Ala.Cr.App.), cert. denied, 409 So.2d 930 (Ala. 1981).[2] However, it was not necessary that the false pretense was the sole, exclusive or decisive inducement for the owner's parting with his property; it was sufficient if he would not have parted with it in the absence of the false pretense. Franklin v. State, 44 Ala. App. 521, 214 So.2d 924 (1968)."
455 So.2d at 927.
The theft by deception statute is based on § 223.3 of the Model Penal Code, which brought the common law offenses of larceny by trick and false pretenses under the general heading of theft by deception. W. LaFave and A. Scott, Jr., Handbook onCriminal Law § 91, at 677-78 (1972). Comment 1 of § 223.3 of the Model Penal Code addresses the role of the perpetrator's misrepresentations on the victim. The relevant portion of Comment 1 reads:
 "Of course, a conviction is not necessarily precluded if the deception is ineffective. If the actor engages in conduct designed to deceive another for the purpose of obtaining his property but either does not obtain the property or does not obtain it as a result of the deception (as where the intended victim knows the truth), there would be liability under Section 501 of the Model Code for attempt."
Model Penal Code, § 223.3 (Proposed Official Draft 1982), at 181.
As mentioned previously, this Court has not directly addressed this issue. In Ex parte Williams, 451 So.2d 253 (Ala. 1984), this Court quashed a writ as improvidently granted where venue was at issue under § 13A-8-2 (2). However, Chief Justice Torbert, joined by Justices Maddox and Beatty, dissented and made the following observations concerning § 13A-8-2 (2):
 "Under § 13A-8-2 (2) the defendant must knowingly obtain by deception the property of another. Code 1975, § 13A-8-1 (1), states that `[d]eception occurs when a person knowingly . . . [c]reates or confirms another's impression which is false and which the defendant does not believe to be true. . . .' The statute under consideration here, unlike that in [Ex parte] Hunte [436 So.2d 806
(Ala. 1983)], requires that the defendant's actions must have an effect on the victim. A victim cannot be deceived by someone if he has not been influenced by the perpetrator's action or inaction. In other words, the victim must have relied on the perpetrator's acts, so as to `create or confirm' an impression in the victim's mind."
451 So.2d at 254-55.
It is clear from the above discussion of authorities that the legislature did not intend to eliminate reliance as an element of theft by deception. The revision was meant only to erase the archaic distinctions among the common law offenses that allowed some to escape sanction because of improper forms of proof. See Commentary, Code 1975, §§ 13A-8-2 through 13A-8-5, "Larceny," at 266 (1982 repl. vol. 12). We can fairly assume that the legislature intended the elements of the offense to remain intact under the new Criminal Code.
In the case before us, all but one of the elements of theft by deception were present. Day made false representations; he knew of their falsity; and he had the intent to defraud. However, Day did not obtain Hix's money because she was deceived. The facts of the court's opinion below indicate that Hix, instead, was conducting a "sting" operation and did not actually rely on Day's misrepresentations when she purchased the stone. Because there was no reliance, the more appropriate charge would have been attempted theft by deception.
Neither Andersen v. State, 418 So.2d 967 (Ala.Crim.App. 1982), nor Deep v. State, 414 So.2d 141 (Ala.Crim.App. 1982), cited by the Court of Criminal Appeals, stands for the proposition that reliance by the victim on the perpetrator's misrepresentations is not an element of § 13A-8-2 (2). Deep did not *Page 1173 
involve the theft by deception statute, but, instead, concerned the constitutionality of the general theft statute, Code 1975, § 13A-8-2 (1). Andersen, although involving theft by deception, focused almost exclusively on intent; reliance was not an issue in the case.
In light of the above discussion, we reverse the judgment below.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, BEATTY and HOUSTON, JJ., concur.
ADAMS, J., not sitting.
[1] Petitioner did not comply with Rule 39 (k), A.R.A.P., in seeking to have supplemental facts considered with his petition for writ of certiorari. Specifically, he failed to include the additional facts in his petition to this Court, although he did include them in his brief in support of the petition. However, this failure is not fatal, in that the opinion of the Court of Criminal Appeals contains facts sufficient for our review of the issue raised.
[2] The defendant in Smith was charged and tried under the former general false pretense statute. The new Criminal Code became effective January 1, 1980.