THE STATE, Plaintiff, vs. BURKE, Defendant.

*January 16—April 22, 1926.*

*Larceny as bailee: Attorney receiving client's money for specific purpose: Conversion: Larceny: Obtaining money under false pretenses: Embezzlement: Sentence.*

1. An attorney who by false representations induced his client to furnish him with money to purchase stock for the client, which money he converted to his own use, is guilty of larceny under sec. 4415, Stats. 1923.  p. 646.
2. The general rule is that if through fraud one obtains title to money as well as possession, he is guilty of obtaining money under false pretenses.   If through fraud he obtains possession and then converts it to his own use, he is guilty of larceny; and if he is lawfully in possession of money and then converts it to his own use, he is guilty of embezzlement.  p. 646.

3. Under sec. 4667, Stats. 1923, one committing larceny under sec. 4415 should be sentenced for conversions occurring within six months after the time stated in the information, notwithstanding the conversions occurred at different times and in varying amounts.   p. 647.

REPORTED from the circuit court for Milwaukee county: BYRON B. PARK, Judge.

The record returned shows that the following information was filed against the defendant:

"I, George A. Shaughnessy, district attorney for Milwaukee county, hereby inform the court that on the 12th day of December, in the year nineteen hundred and twenty-three, at the said county of Milwaukee, Wisconsin, the said defendant, *William E. Burke,* being then and there the bailee of thirteen thousand three hundred ($13,300) dollars in money of the value of thirteen thousand three hundred ($13,300) dollars, of the money and property of the Robert P. Hansen Company, a corporation, then and there duly organized, existing, and doing business under and by virtue of the laws of the state of Wisconsin, then and there whilst he was such bailee of said thirteen thousand three hundred ($13,300) dollars in money, of the value aforesaid, unlawfully, wilfully, and feloniously did steal, take, and carry away and fraudulently convert the same to the use of him, the said *William E. Burke,* contrary to the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin."

The verdict was: "We, the jury in the above entitled action, find the defendant, *William E. Burke,* guilty of larceny as bailee of the sum of $13,347.34, in manner and form as charged in the information herein."

The court certified the facts as follows:

"The defendant, *William E. Burke,* was on the 12th day of February, 1925, found guilty by a jury of the crime of larceny as bailee, under sec. 4415, as charged in the information, a copy of which is attached hereto. *William E. Burke* was a resident of Milwaukee, and for more than twenty

years had been a practicing attorney in Milwaukee county
and the state of Wisconsin.   In June, 1923, he first acted
as an attorney for the Robert P. Hansen Company; and
thereafter in October was retained as an attorney to pur-
chase and secure for the Hansen Company sixty-six and
two-thirds shares of the stock of the Hansen Company,
which had formerly been owned by one of the three owners
of all the stock of said company, whose name was Peter
Andersen.   Peter Andersen was then dead and his estate
was being administered.   The stock could be obtained only
from the estate, which was then in probate court, and which
estate priced the stock at $22,000.   The employment of the
defendant *Burke* contemplated that he should see that a good
title to the stock was obtained from the estate, and that he
should negotiate with the administratrix of the estate and
her attorney with a view of securing the stock at the mini-
mum price.   Shortly after he was thus retained, and after
he had entered upon negotiations with the estate, conducted
through Wallace F. Reiss, as attorney for the administra-
trix, he represented to Robert P. Hansen, the president of
the Robert P. Hansen Company, that it would be necessary
to deposit in the county court of Milwaukee county the sum
of $5,000 as a first payment upon the stock, if the deal could
be consummated.   Thereupon, December 12, 1923, the said
Robert P. Hansen as president of the Robert P. Hansen
Company, relying upon said representations, gave a certified
check to the defendant *William E. Burke* for $5,000, drawn
on the Wisconsin State Bank, the check being made payable
to *William E. Burke.*   The representation that the said
money was needed for the purpose above indicated was a
false representation and was entirely untrue.   The said
*William E. Burke,* on receiving the said certified check, did
not deposit the same with the probate court, and converted
the proceeds thereof to his own use.   He indorsed the check,
procured the money thereon.   From that time on the said
*William E. Burke* had divers negotiations with the said
attorney Wallace F. Reiss in an effort to arrange with him a
sum that the estate would accept as the purchase price of
said stock.   That the said negotiations continued during the
winter months; and in the month of March the final offer,
$15,000, that said *William E. Burke* was authorized to make

for said stock by the said Robert P. Hansen Company, was rejected by the said Reiss, and no further negotiations for said stock were had. The said *William E. Burke* represented to the said Hansen Company that he had completed the negotiations for said stock and could secure the same for the purchase price of $15,000, but that because the estate and the said Hansen Company had had some dealings which resulted in a balance being due from the estate to the Hansen Company of the sum of $252.66 (this balance was in fact due from said estate), the amount which the said *Burke* represented would be necessary to effect the said purchase was the sum of $14,747.34. And to enable the acquiring of the stock at that figure the said Hansen Company, relying upon said representations, thereupon on March 18, 1924, made and delivered to the said *Burke* its two certified checks, one for $6,000, drawn on the Marshall & Ilsley Bank, payable to the said *William E. Burke,* and one for $3,747.34, drawn on the Wisconsin State Bank, payable to the said *William E. Burke.* The said representation to the said Hansen Company by the said *William E. Burke* that he could purchase stock at the figure named ($15,000), or at any other figure he was authorized to offer, was false and fraudulent, as the said *William E. Burke* well knew. That upon receiving said last two named checks the said *William E. Burke* indorsed the same, procured the cash thereon, and placed the cash received on the checks in his own personal account. Thereafter he withdrew from his said account the sum of $1,400 and placed it in his private box in the Wisconsin Trust Company. The balance of the two checks which the said *Burke* had placed in his individual account he converted to his own use. The administratrix of the estate of Andersen and her attorney never placed a less value on the said stock than $18,000 and declined to consider the $15,000 authorized to be offered by the Hansen Company. Immediately preceding the arrest of the defendant he was called to the district attorney's office, and there made known the fact that he had the $1,400 above mentioned in his safety-deposit box, and accompanied by representatives of the estate and Mr. Hansen went to the Trust Company's place of business, and the $1,400 was procured and turned back to Mr. Hansen for the use of the Robert P. Hansen Company."

For the plaintiff there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, *George B. Skogmo,* special assistant district attorney, and *C. Stanley Perry,* assistant district attorney; and the cause was argued orally by *Mr. Perry* and *Mr. Skogmo.*

For the defendant the cause was submitted on the brief of *Raymond J. Cannon* of Milwaukee.

The following opinion was filed February 9, 1926:

VINJE, C. J.   Sec. 4415, Stats., under which the defendant was prosecuted, so far as applicable to this case reads:

"Section 4415. . . . Whoever being a bailee of any chattel, money or valuable security shall fraudulently take or fraudulently convert the same to his own use or the use of any person other than the owner thereof, although he shall not break bulk or otherwise determine the bailment, shall be guilty of larceny, and may be convicted thereof on an indictment or information for larceny, and upon such conviction be punished as hereinbefore prescribed."

The first question reported is, "On the information, the facts certified and submitted, and the verdict of the jury, can the defendant be sentenced under sec. 4415?"   It is the contention of the defendant's counsel that under the facts certified no relation of bailor and bailee existed between the Robert P. Hansen Company and the defendant, but that on the contrary the defendant obtained both possession and title to the checks by false representations, and the offense committed should have been punished under sec. 4423, relating to obtaining money under false pretenses.   Counsel further argues that since the check was certified to, it conclusively shows that title as well as possession vested in the defendant upon the delivery of the check to him, and he relies upon sec. 1684—5, Stats., to show that title passed, and cites a number of cases to the proposition that where title passes the offense is that of obtaining money under false pretenses and not that of larceny.   If counsel's interpretation of the

facts is correct we have no quarrel with his law.   But we think it clear from the facts certified that no title was intended to or did pass to the defendant by the delivery of the check.   The money represented by the check was turned over to the defendant to purchase property for the Robert P. Hansen Company, and the defendant was only a conduit through which the money passed to accomplish that object. It was never contemplated that the defendant should have more than the possession of the company's money for the purpose of making the purchase of the stock.   There was no intent that the defendant should become the owner of the money upon receiving the checks.   He was to use it in the purchase of property for the Robert P. Hansen Company. On the other hand, the defendant by means of false and fraudulent representations was able to get possession of the money, and after obtaining possession but not title he converted it to his own use—an offense of larceny clearly covered by the statute.   The general rule of law is that if through fraud one obtains title as well as possession to money he is guilty of obtaining money under false pretenses. If through fraud he obtains possession of money and then converts it to his own use he is guilty of larceny, and if he is lawfully in possession of money and then converts it to his own use he is guilty of embezzlement.   Whether the latter offense is punishable under sec. 4415 it is not necessary to decide.   The statute seems to make no distinction between possession obtained lawfully and possession obtained through fraud or otherwise unlawfully.   It seems to include all bailees.   In this case, however, the possession of the money was obtained by fraud, and under both the statute and the decisions the offense constituted larceny.

We answer the first question, Yes.

The second question reported is: "If the court is of the opinion that the defendant can be sentenced under sec. 4415, then it is desired that this question be answered: Of the

moneys converted by the defendant $5,000 was converted December 12, 1923, and $8,347.34 was converted on the 18th day of March, 1924. Should the court sentence the defendant for larceny of $13,347.34, or the larceny of $8,347.34, or the larceny of $5,000?"

Sec. 4667, Stats. 1923, provides that:

"In any prosecution for the offense of embezzling under section 4418 or for larceny as a bailee under section 4415 it shall be sufficient to allege generally in the indictment or information an embezzlement or larceny of money to a certain amount or of property to a certain value, without specifying any particulars of any such embezzlement or larceny, and on the trial evidence may be given of any such embezzlement or larceny committed within six months next after the time stated in the indictment or information; and it shall be sufficient to maintain the charge in the indictment or information and shall not be deemed a variance if it shall be proved that any money or property, of whatever amount, was fraudulently embezzled by the defendant within the said period of six months."

The provisions of the statute require that the defendant should be sentenced for the larceny of $13,347.34, and such is our answer to the second question.

A motion for a rehearing was denied, without costs, on April 22, 1926.