WHITMORE, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 18—May 20, 1941.*

For the plaintiff in error there was a brief by *Fisher & Fisher* of Janesville, and oral argument by *Cleland P. Fisher*.

For the defendant in error there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

WICKHEM, J.   On April 20, 1940, plaintiff in error purchased a 1933 Ford automobile upon a conditional sales contract.   The purchase price was $80.   By the terms of the conditional sales contract title was reserved in the vendor until the full purchase price was paid.   Plaintiff in error gave to the vendor as a down payment a check on the Footville State

Bank in the sum of $45. Upon execution of the contract and delivery of the check, plaintiff in error was put in possession of the car. The check failed to clear the bank because plaintiff in error did not have sufficient funds to cover it. The vendor would not have parted with possession of the automobile solely upon the down payment but the conditional sales contract was an essential part of the transaction. The statute which is claimed to have been violated is sec. 343.25, Stats., which reads as follows:

"Any person who shall designedly, by any false pretenses or by any privy or false token and with intent to defraud, obtain from any other person any money, goods, wares, merchandise, or other property, or shall obtain with such intent the signature of any person to any written instrument, the false making whereof would be punishable as forgery, shall if the amount of money or other property so received or the face value of such written instrument shall exceed the sum of one hundred dollars, be punished by imprisonment in the state prison not more than five years nor less than one year, or by imprisonment in the county jail not more than one year, or by fine not exceeding one thousand dollars or less than two hundred dollars, and if the amount of money or property so received or face value of such written instrument so procured, shall not exceed the sum of one hundred dollars, he shall be punished by imprisonment in the state prison or county jail not more than one year, or by a fine not exceeding two hundred dollars."

Plaintiff in error first contends that the offense of obtaining money by false pretenses in violation of this section is not established because the evidence fails to show that the vendor delivered the car in sole reliance upon the worthless check. *Corscot v. State,* 178 Wis. 661, 190 N. W. 465, and *Palotta v. State,* 184 Wis. 290, 199 N. W. 72, are cited as holding that one of the requisites of obtaining money by false pretenses is reliance by the defrauded person upon the false pretenses or token. We see no merit to this contention. The defrauded

vendor relied both upon the down payment and the conditional sales contract, the first to establish a margin of safety for the latter. It cannot be the law that merely because the pretenses constituted only one of several matters relied upon that there can be no offense of obtaining money by false pretenses. If the pretense was one of the material matters relied upon, that is sufficient. There is nothing in the cases cited contrary to this doctrine, and an instruction embodying it was approved in *Baker v. State,* 120 Wis. 135, 97 N. W. 566, although some of the language of the opinion impairs its usefulness as an authority on the point.

It is next claimed that reservation of title in the vendor compels the conclusion that only possession of the car was obtained, whereas both title and possession must have been obtained by fraud to answer the calls of the statute. Reliance is had upon the statement in *Bates v. State,* 124 Wis. 612, 617, 103 N. W. 251, "that so long as the defrauded party retains either title or control over the property the crime of obtaining is not consummated." See also *State v. Burke,* 189 Wis. 641, 207 N. W. 406.

The rule stated in the *Bates* and *Burke Cases* is not founded upon a specific requirement in the statute that title pass, but is for the purpose of preserving a distinction between the crime of larceny by bailee and that of obtaining money by false pretenses. The mere delivery of property into the possession of a bailee and his subsequent conversion of it to his own use constitutes larceny by bailee and not the crime of obtaining money by false pretenses. Where, however, goods are sold under a conditional sales contract and the legal title is merely retained for purposes of security, the vendee gets a sufficient property interest to support a conviction of obtaining money by false pretenses provided the other requisites of the offense are present. As pointed out in *Chappell v. State* (Ind.), 25 N. E. (2d) 999, the doctrine that one must obtain title and possession in order to be guilty of the crime of false

pretenses cannot mean an absolute title because any title obtained by fraud is voidable and the requirement would make it impossible for the crime to be consummated. In *La Porte Motor Co. v. Firemen's Ins. Co.* 209 Wis. 397, 245 N. W. 105, it was held that the purchaser of an automobile by conditional sales contract cannot be guilty of larceny of the automobile even though in default under the contract of conditional sale. Such a vendee is regarded for most purposes as owner of the property covered by the conditional sales contract. He is variously referred to as beneficial, equitable, or substantial owner, there being outstanding in the vendor only the naked legal title and this temporarily and for security solely. See *Hansen v. Kuhn,* 226 Iowa, 794, 285 N. W. 249. It is our conclusion that the property interest which accompanied delivery of possession to plaintiff in error is sufficient to satisfy the calls of the statute.

*By the Court.*—Judgment affirmed.