Jimmie **HAWKINS**, Petitioner,

v.

James **MATHEWS** et al., Respondents.

No. 80–C–657.

United States District Court,
E. D. Wisconsin.

Aug. 28, 1980.

Jimmie Hawkins, pro se.

Bronson La Follette, Atty. Gen., Madison, Wis., for respondents.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the petition of Mr. Hawkins for the issuance of a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. The petition will be denied.

On April 4, 1978, the petitioner was convicted in Wisconsin state court of a violation of Wisconsin's theft by fraud statute, Wis.Stat. § 943.20(1)(d). He has been continuously incarcerated since the date of his sentencing, and he is currently confined in a Wisconsin correctional facility. It is not disputed that the petitioner has adequately exhausted all state remedies available to him.

The petitioner contends that his conviction violates his due process rights under the Fourteenth Amendment because he was convicted without proof of all the necessary elements of the crime and because he was, in effect, charged with one offense but convicted of another. He also urges that the trial court's instructions to the jury effectively obliterated one of the statutory requirements necessary for conviction, in violation of the petitioner's Fourteenth Amendment rights to due process and adequate notice of the charge.

Mr. Hawkins argues that the theft by fraud statute contains the historically necessary element that for one to incur liability he must fraudulently induce the transfer of title to the property taken. Wisconsin's theft by fraud statute contains such language:

"943.20 Theft (1) Acts. Whoever does any of the following may be penalized as provided in sub. 3: . . .

(d) Obtains title to the property of another by intentionally deceiving him with a false representation . . . .."

The petitioner has consistently argued that he did not obtain title to the property taken. The petitioner's undisputed description of the facts contained in his brief before the state court of appeals indicates that the petitioner approached his victim in a shopping center, displayed a large sum of money, and offered to pay the victim if the latter would help him. Mr. Hawkins then indicated that he was worried about the safety of his money and asked the victim to carry it. As a demonstration of his good faith, the victim was asked to place his wallet containing $200 in a paper bag along with the petitioner's money. The petitioner then placed the bag under his coat, ostensibly to demonstrate to the victim how the bag was to be carried. The petitioner then took a bag out from under his coat and gave it to the victim, who retained it when the petitioner and he parted company. When the victim subsequently opened the bag, he did not find the roll of money or his wallet, but only shredded newspaper.

The petitioner argues that the victim only intended to give the petitioner temporary possession of his money and such an intent is not sufficient to infer the passing of title. The petitioner concedes that the facts do support a conviction under Wis.Stat. § 943.-20(1)(a), but that (1)(a) is a different offense from (1)(d), and not the one with which the petitioner was charged.

The respondents argue that the petitioner's first ground for review does not really present a federal question. The respondents contend that while the petitioner portrays the question as one of insufficiency, it

is really a question of whether Wisconsin's theft by fraud statute requires that a defendant actually obtain title to the property, and that is a matter of statutory construction left to the state. The respondents then argue that Wisconsin courts have interpreted the theft by fraud statute to require only that a defendant acquire unauthorized control over the property and that the evidence presented at the petitioner's trial was sufficient to support a conviction on that basis.

█ The latter argument is well-taken. The state is free to interpret its laws as it wishes so long as the accused has adequate notice of the offense charged and adequate opportunity to defend against it, *see, e. g., Jackson v. Virginia*, 443 U.S. 307, 314, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979); *Hovey v. Elliot*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897); *cf. Boddie v. Connecticut*, 401 U.S. 371, 377–79, 91 S.Ct. 780, 785–87, 28 L.Ed.2d 113 (1971). The evidence here clearly indicates that the petitioner did obtain unauthorized control over the victim's property, and if that is properly the requirement under § 943.20(1)(d), then this conviction would easily survive the standard of review mandated in *Jackson*. Thus, the petitioner's first ground for review will not support the issuance of the writ.

Mr. Hawkins' second ground directly questions whether he had adequate notice of the interpretation of § 943.20(1)(d) relied upon by the respondents. He argues that the trial and appellate court rulings that unauthorized control was sufficient to support conviction under § 943.20(1)(d) were an unlawful broadening of the offense which deprived the petitioner of adequate notice of the charge and an opportunity to defend against it.

The respondents argue that the interpretations used by the state courts were based on an earlier Wisconsin supreme court decision interpreting a predecessor to § 943.20(1)(d), *Whitmore v. State*, 238 Wis. 79, 298 N.W. 194 (1941), and on various law review articles discussing *Whitmore* and its effect on the subsequent codification of Wisconsin's criminal laws. *See, e. g.,* G. Baldwin, *Criminal Misappropriations in Wisconsin—Part I,* 44 Marq.L.Rev. 253 (1960–61); M. Melli and F. Remington, *Theft—Comparative Analysis of the Present Law and the Proposed Criminal Code,* 1954 Wis.L.Rev. 253. The trial court placed special reliance on the Baldwin article. Whether *Whitmore* and the subsequent scholarly discussions alone constitute adequate notice of the unauthorized control construction to survive the petitioner's due process challenge need not be decided in light of *State v. Stevens,* 26 Wis.2d 451, 132 N.W.2d 502 (1965).

The *Stevens* case was relied upon by the state court of appeals to support its affirmance of the petitioner's conviction. While the precise question of the scope of § 943.20(1)(d) was not reached in *Stevens*, it is beyond dispute that the defendant in *Stevens* was convicted of violating § 943.20(1)(d) on facts indistinguishable in any relevant way from those presented here. No greater title was transferred in *Stevens* than here; the *Stevens* facts directly support the unauthorized control interpretation applied in this case. The instruction given by the trial court in this case was an accurate portrayal of Wisconsin's theft by fraud statute, and the petitioner had adequate notice of the elements of the crime for which he was charged.

█ The unauthorized control interpretation of § 943.20(1)(d) does have the effect of making the offense under that section virtually indistinguishable from that prohibited by § 943.20(1)(a). This may not be the wisest statutory construction which Wisconsin could have adopted, but this construction has not deprived the petitioner of any due process rights.

The petitioner's argument that he was convicted of a crime different than that for which he was charged must also fail. The petitioner was charged with a violation of a given statute, and the state proved all the elements of the offense that the statute had been interpreted to require. Nothing more is required.

Accordingly, IT IS ORDERED that the petition of Jimmie Hawkins for the is-

suance of a writ of habeas corpus be and hereby is denied.

IT IS ALSO ORDERED that this action be and hereby is dismissed.