OPINION OF THE COURT
Herbert Kramer, J.
Does the withholding of the promised drugs or refusal to return currency, during a face-to-face drug buy, constitute a "taking from the person” pursuant to Penal Law § 155.30 (5)?
FACTS
Defendant Ryan Washington was indicted for robbery in the second degree and grand larceny in the fourth degree. After a jury trial defendant was acquitted of the robbery charge but *896 convicted of grand larceny in the fourth degree (Penal Law § 155.30 [5]).[1]
Complainant, at a known drug location, initiated a drug transaction with the defendant. The complainant gave the defendant $20, anticipating an exchange of drugs as in previous purchases from the defendant. However, after accepting the currency, defendant placed his hand inside the breast pocket of his jacket seemingly reaching for a weapon, said "You’ve been taxed”, keeping the currency without an exchange and instructed the complainant to get off the block.
Taking the evidence in the light most favorable to the People, the jury found an intent to immediately exchange currency for drugs and thus the transfer of funds was not an absolute transfer of possession but at best a temporary transfer of custody.
DISCUSSION
The requisite legislative intent necessary for a larceny has not changed significantly in over 100 years (People v Karp, 298 NY 213 [1948]). Penal Code of 1882 § 528 (1) defined "taking” in reference to larceny as "secretes, withholds, or appropriates to his own use, or that of any person other than the true owner, any money, personal property * * * or article of value of any kind”. (Emphasis added.) A trespassory taking thus included withholding.
"Prior to 1942, larceny was defined * * * in terms of the common law forms of theft: larceny by trespassory taking, larceny by trick, embezzlement and false pretenses.”[2] (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39 [1975 ed], Penal Law § 155.05, at 113.)
*897 These common-law forms were merged to form a simplified definition of larceny in the 1942 revision and considerably expand the scope of the offense. The act of 1862 had elevated the status to grand larceny by a "taking from the person” regardless of the value of the property or the time of day at which the incident occurred because of the risk of physical harm to the victim when the taker is in such close proximity (Wilson v People, 39 NY 459, 462 [1868], citing L 1862, ch 374, §2).
The defense contends that the facts establish a "giving” as opposed to a "taking”; a case of petit larceny by false pretenses as opposed to grand larceny "from the person”. The People maintain it was a common-law trespassory taking elevated by a "taking from the person” to grand larceny.
When the owner of property delivers property to another for a specific purpose, if the property is not utilized for that purpose, the title rests with the owner and the possessor has mere custody of the property (Cary v Hotailing, 1 Hill 311 [1841]; Ross v People, 5 Hill 294 [1843]; Whitmore v State, 238 Wis 79, 298 NW 194, 134 ALR 872 [1941]).
"It is stated that if a watchmaker stealfs] a watch delivered [to] him to clean, or if a person steals clothes delivered for the purpose of being washed, or guineas delivered for the purpose of being changed into half guineas, or a watch delivered for the purpose of being pawned, the goods have been thought to remain in the possession of the proprietor, and the taking them away held to be a felony.” (Smith v People, 53 NY 111, 113-114 [1873].)
In the instant case, the defendant had mere possession of the currency and if a jury finds, as they did, that the defendant took the money cum animo furandi, then the wrongful withholding of the property constitutes a taking (Wilson v People, supra, at 461; People v Call, 1 Denio 120; People v Stofer, 3 Cal App 416, 86 P 734 [1906]).
A taking[3] from the person can only occur in a trespassory taking because only in such a taking is there a risk of danger where the victim perceives the event as a larceny. It could not occur where the larceny arises out of a trick or false promise where the victim, at the time of the incident, is unaware of the perpetrator’s intent. This risk of danger, the court holds, *898 is equally applicable to a withholding or other trespassory taking where there is a close proximity by the defendant.
This court holds that the word "taking” is a New York trespassory taking and finds defendant’s arguments suggesting a literal definition not in accord with the legislative history. In our case, currency was tendered for the specific purpose of consummating a drug deal; defendant accepted the currency but refused to deliver the drugs.
Defendant further contends that the fact pattern constitutes larceny by false promise. Larceny by "false promise” requires a showing that the defendant, acting pursuant to a scheme to defraud, obtained property by means of an express or implied representation of future conduct (Penal Law § 155.05 [2] [d], [e]). Evidence of future conduct between the parties was not shown in the case at bar. A finding of "false promise” is therefore not possible.
In the case at bar, there was no misrepresentation of present fact prior to the transfer. There was no prior indication that drugs would not be exchanged for cash.
We have thus concluded that the acts herein described would be a trespassory taking under the common law wherein a withholding when anticipating an exchange constitutes a "taking from the person.”
Further, beyond the common-law view, looking to a modern view of larceny from the person, public policy requires this elevated status arising out of the proximity of the perpetrator to the victim. Although the facts in the case at bar may not conform with a narrow reading of the statute, the broader view holds that where there is a risk from a face-to-face encounter, the withholding constitutes "taking from the person”.
The court finds that grand larceny was appropriately charged in the instant case and that there was sufficient evidence to support a verdict of grand larceny "from the person”.[4]

. "§ 155.30 Grand Larceny in the fourth degree
"A person is guilty of grand larceny in the fourth degree when he steals property and when * * *
"(5) The property, regardless of its nature and value, is taken from the person of another”.

. Larceny by trespassory taking is the felonious appropriation of personal property with the intent to permanently deprive the rightful owner of it.
False pretense, on the other hand, requires that the defendant make a misrepresentation of existing fact which the victim relies upon and which causes the property transfer.
To constitute embezzlement, the property must be surrendered by the complainant as a result of a threat of future conduct by the defendant.
Larceny by trick is a trespass on the owner’s constructive possession of goods through misappropriation.

. Black’s Law Dictionary defines a "taking” as the "act of laying hold upon an article, with or without removing the same. It implies a transfer of possession, dominion, or control.” (Black’s Law Dictionary 1023 [4th ed].)

. The defense raised a further issue of repugnant verdicts citing People v Robert YY (58 AD2d 920 [1977]). In that case, the larceny could only be supported by a jury finding of sufficient threat or use of force. Consequently, the acquittal on the robbery charge and conviction of the grand larceny "from the person” was found to be repugnant. This case can be distinguished in that grand larceny (Penal Law § 155.30 [5]) "taking from the person” does not require a showing of the threat or use of force, presently or in the future.