AGEE, Judge.
Matthew Shropshire (“Shropshire”) was convicted in a bench trial in the Circuit Court of the City of Lynchburg on one count of grand larceny by false pretenses. On appeal *37 Shropshire alleges that the evidence was insufficient to establish all the elements necessary to prove grand larceny by false pretenses. For the following reasons, we reverse the conviction.[1]
I. BACKGROUND
On May 16, 2001, Shropshire looked at a Ford Taurus in the inventory of Oakridge Toyota and told salesman Michael Stanley that he would buy the car “with a check he was going to get from his credit union.” The record does not reflect the parties reached an agreement as to the purchase price of the car. Marshall Wilson, the finance manager, then assisted Shropshire in filling out “a Buyer’s Order, Odometer Statement, the standard documents.” None of these documents are in the record, nor is there any description of their terms or if these documents were executed by Shropshire. Wilson testified he “filled out” the documents “in expectation that he [Shropshire] would come back and purchase it.” Stanley testified that because Shropshire had previously purchased a car from him, he gave Shropshire possession of the Taurus on May 16, 2001, based on his representation that he would return with a credit union check because he had “signed all the paperwork” and “purchased the vehicle.” No “paperwork” is in the record, nor is there a description of its terms.
On May 23, 2001, the manager of Oakridge Toyota received a check from Shropshire which he left in Marshall Wilson’s desk drawer. Nothing appears on the face of the check to denote its purpose. The check was payable to Oakridge Toyota in the amount of $4,200 and was drawn on an account at Carolina Federal Credit Union, Myrtle Beach, South Carolina. Oakridge Toyota was later notified that the check could not be cashed and was “returned unpaid insufficient funds.” *38 The record indicates “at some point the car was returned,” but does not specify when or by whom.
Shropshire was charged in an indictment with grand larceny by false pretenses from Oakridge Toyota in violation of Code § 18.2-178. At trial, the $4,200 check was introduced into evidence. The Commonwealth then sought to prove Carolina Federal Credit Union did not exist and the check was therefore fraudulent. To do so the Commonwealth offered an affidavit from Joe Ostrowidzki, the Acting Director of Insurance of Region III of the National Credit Union Administration (“NCUA”). Over Shropshire’s objection, the trial court admitted the affidavit into evidence.
Mr. Ostrowidzki certified in the affidavit that he is the custodian of all NCUA records for federally chartered and/or insured credit unions in the state of South Carolina. He also certified that a review of those records showed that Carolina Federal Credit Union was neither federally insured nor chartered at any time in 2001.
The trial court convicted Shropshire of obtaining the Taurus by false pretenses from Oakridge Toyota in violation of Code § 18.2-178. Shropshire now appeals to this Court.
II. STANDARD OF REVIEW
When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth (as the prevailing party in the trial court), granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, this Court does not substitute its own judgment for that of the trier of fact. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The trial court’s judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va.App. 438, 443, 358 S.E.2d 415, 418 (1987).
*39 III. ANALYSIS
Shropshire asserts that the evidence was insufficient to establish all the requisite elements of the offense of grand larceny by false pretenses. We agree.
In order to sustain a conviction for larceny by false pretenses the Commonwealth must prove the following elements:
“(1) an intent to defraud; (2) an actual fraud; (3) use of false pretenses for the purpose of perpetrating the fraud; and (4) accomplishment of the fraud by means of the false pretenses used for the purpose, that is, the false pretenses to some degree must have induced the owner to part with his property.”
Riegert v. Commonwealth, 218 Va. 511, 518, 237 S.E.2d 803, 807 (1977) (citation omitted). In addition to the elements above, “ ‘[a]n essential element of larceny by false pretenses is that both title to and possession of property must pass from the victim to the defendant (or his nominee).’ ” Baker v. Commonwealth, 225 Va. 192, 194, 300 S.E.2d 788, 788 (1983) (quoting Cunningham v. Commonwealth, 219 Va. 399, 402, 247 S.E.2d 683, 685 (1978)). “The gravamen of the offense ... is the obtainment of ownership of property, by false representations or pretenses.” Quidley v. Commonwealth, 221 Va. 963, 966, 275 S.E.2d 622, 625 (1981). Assuming, arguendo, that the Commonwealth’s evidence proved all other elements of the crime, the record does not contain evidence that Shropshire acquired any type of ownership interest in the Taurus.
In Lewis v. Commonwealth, 28 Va.App. 164, 503 S.E.2d 222 (1998), this Court held that the defendant acquired a sufficient property interest to support his conviction for larceny by false pretenses by receipt of a temporary certificate of ownership. The Commonwealth argues that the issuance of a temporary certificate of ownership was not necessary to support the holding in Lewis and was not required in *40 this case to prove the requisite element of ownership.[2]
We agree that ownership or title sufficient to support a conviction under Code § 18.2-178 regarding a motor vehicle, could be proven by evidence other than a temporary certificate of ownership or other state issued muniment of title as under Code § 46.2-628. However, the record in this case does not contain such evidence.
We discussed in Lewis that certain documentation of a sale could effectively vest sufficient indicia of ownership to a motor vehicle in an alleged thief so as to satisfy the requirement for obtaining title (as opposed to mere possession) as an element of the crime of obtaining the vehicle by false pretenses. Depending on the facts of a case, title might be sufficiently proven by a conditional sale contract, promissory note and security agreement or similar evidence. Lewis, 28 Va.App. at 168-69, 503 S.E.2d at 223-24.
In the case at bar there is no temporary certificate of ownership or any other state issued title document in the record. Neither is there a promissory note, sales contract, or other document that would evidence some type of ownership transfer, either equitable or legal, from Oakridge Toyota to Shropshire. The record reflects only that “paperwork” was prepared. To deduce a transfer of ownership based on unknown “paperwork” is utter speculation and conjecture.[3]
*41 The record lacks evidence that Shropshire had anything other than mere possession of the vehicle. Our precedent is clear that a conviction for larceny by false pretenses requires proof beyond a reasonable doubt that title to the property purloined passes to the perpetrator. See Baker, 225 Va. at 194, 300 S.E.2d at 789; Cunningham, 219 Va. at 402, 247 S.E.2d at 685. That proof is not contained in the record before us. Without such evidence, the Commonwealth has failed to establish a transfer of title took place to vest Shropshire with ownership rights sufficient to support the conviction. Based on the record in this case, the trial judge’s determination that title or ownership of the Taurus passed to Shropshire was plainly wrong and without evidence to support it. For this reason we reverse Shropshire’s conviction and dismiss the case.

Reversed and dismissed.

. Shropshire alleged two other errors by the trial court: (1) that a continuance granted the Commonwealth violated his due process rights and (2) the use of an affidavit under Code §-8.01-390(B) violated his rights under the Confrontation Clause. As we reverse the decision on other grounds, we do not address Shropshire’s other claims.

. For purposes of the element of proof for larceny by false pretenses, we read the terms "title” and “ownership” to be synonymous.

. The dissent represents that Shropshire and Oakridge Toyota entered into a binding oral conditional sales contract which transferred a sufficient, but undefined, ownership interest to Shropshire so as to meet the criminal ownership element for obtaining property by false pretenses. This claim was not argued at trial and the trial court made no such finding. Assuming, but not deciding, that ownership for purposes of the title element of obtaining a motor vehicle by false pretenses can be proven solely by an oral conditional sales contract, the record in this case does not contain evidence establishing such a contract.
While Shropshire and Stanley discussed Shropshire purchasing the Taurus, the record does not show the parties reached an agreement as to the purchase price of the Taurus, much less, what that price was to *41 be. The record does not reflect the time within which a contract was to be performed, if at all.
While Shropshire apparently indicated he was going to get a credit union check, the record is silent as to whether such a check was to represent a refundable deposit, a down payment, full payment, or something else. Further, nothing in the record represents Oakridge Toyota was retaining a security interest in the car or that it had parted with anything other than mere possession when Shropshire drove the Taurus off the Oakridge Toyota lot.
In short, the covenants sufficient to create a binding contract just don’t appear in the record. Inference from surmise on appeal cannot supply the evidence the Commonwealth failed to present at trial.