COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


CURTIS LEE McCOLLUM

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0437-05-3                      JUDGE SAM W. COLEMAN III
                                                    MAY 30, 2006

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF SALEM
                          Robert P. Doherty, Jr., Judge

            Lawrence L. Moise III for appellant.

            Stephen R. McCullough, Assistant Attorney General (Judith
            Williams Jagdmann, Attorney General; Karri B. Atwood, Assistant
            Attorney General, on brief), for appellee.


        Curtis Lee McCollum (McCollum) was convicted of possessing cocaine in violation of

Code § 18.2-250.  The sole issue is whether the evidence was sufficient to prove beyond a

reasonable doubt that McCollum possessed the cocaine.  Because the evidence supports the fact

finder's conclusion that McCollum exercised dominion and control over the cocaine found in his

car and was aware of the presence and character of the drug, we affirm the conviction.

                                        BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence showed that at approximately

1:00 a.m. McCollum had driven two acquaintances to Salem, Virginia where Detective M.D.

————————————————

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Carroll stopped his vehicle due to a defective brake light. McCollum told Carroll that the car belonged to his fiancée, but that "he always used it" and he was using it that day to drive to job interviews he had scheduled that afternoon. In addition to McCollum, a male passenger was in the front passenger seat and a female in the rear passenger seat. After checking McCollum's operator's license and vehicle registration, Carroll arrested McCollum for driving after having been declared an habitual offender. Incidental to the arrest, Carroll then searched the vehicle. Between the front passenger seat and the front passenger door Carroll found a modified prescription pill bottle which contained a label showing that it had been issued to McCollum a month before. The bottle had been modified to have a hole in the side and aluminum foil on top which was covered with burnt residue. The pill bottle appeared to Carroll to have been modified into a smoking device. Believing the device to be for smoking drugs, Carroll seized the bottle. Subsequent tests showed the residue on the aluminum foil to be cocaine.

When Carroll seized the smoking device McCollum acknowledged that the bottle had been his at one time, but that he had given it to someone else. He said, however, that he was unable to identify who that person was. McCollum denied knowing that the bottle was or had ever been in the car or that it had subsequently been modified to be a smoking device. Later, at the police station, McCollum said that the person to whom he had given the bottle about a week before was the male passenger in the car. McCollum told the police that the male passenger's name was James Monroe Cunningham. At the time of the stop the male passenger had given Carroll a different name. McCollum further said at the police station he had known Cunningham for fifteen to twenty years and had practically raised him, but claimed he did not know where Cunningham could be found.

ANALYSIS

McCollum contends that the evidence fails to prove beyond a reasonable doubt that he exercised dominion or control of the smoking device or that he knew the character or nature of the residue on it.

> When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth (as the prevailing party in the trial court), granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, this Court does not substitute its own judgment for that of the trier of fact. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Shropshire v. Commonwealth, 40 Va. App. 34, 38, 577 S.E.2d 521, 523 (2003).

To convict a person for possessing cocaine in violation of Code § 18.2-250, the Commonwealth need not prove actual possession of the item containing cocaine residue; constructive possession is sufficient. Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998). Constructive possession can be shown by "'acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

While "ownership or occupancy of premises or a vehicle upon or in which a controlled substance is found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance," ownership of a vehicle and proximity to the controlled substance are factors which the fact finder may consider along with other circumstances in determining whether a person knew of the presence and nature of a controlled substance and was exercising some dominion and control over it. Code § 18.2-250(A).

- 3 -

McCollum relies upon our holding in Scruggs v. Commonwealth, 19 Va. App. 58, 448 S.E.2d 663 (1994), in which we held the evidence insufficient to support a conviction for possession of drugs when the cocaine was found under a shirt located under the front passenger's seat of a car that defendant was driving when there was a passenger in the front seat. The facts in this case are significantly different from the facts in Scruggs. Here the prescription pill bottle modified to be a smoking device had been issued to McCollum, the driver of the car, a month before. That fact alone proved that he owned the pill bottle that had been converted to a smoking device. Furthermore, the fact that the smoking device was in the automobile he was driving and which he drove frequently and the fact that it was near him in the front seat further supported the fact finder's inference that he possessed the device and knew it contained cocaine.

Furthermore, possession "need not always be exclusive. The defendant may share [possession] with one or more." Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (*en banc*) (quoting Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974)). Here, McCollum acknowledged that he had known Cunningham for years and "had practically raised him." Both McCollum and Cunningham lied about Cunningham's identity, and McCollum denied knowing the whereabouts of this longtime friend. Later at the police station McCollum admitted that Cunningham was the person to whom he had given the prescription pill bottle. From these facts the fact finder could infer that both McCollum and Cunningham possessed the modified pill bottle knowing it contained cocaine residue, or at the very least, McCollum knew that Cunningham had brought or placed the smoking device in the car -- in which case, by operating the car McCollum knowingly transported the device and thereby exercised dominion and control over it knowing that it had been used for smoking drugs and contained drug residue.

On these facts, we cannot say that the trial court was plainly wrong in finding that McCollum was aware of the presence and nature of the cocaine and that he had dominion and control over it.

Accordingly, we affirm appellant's conviction.

Affirmed.