COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia


FRANK EUGENE SOLESBEE, JR.
                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1749-06-1                        JUDGE JAMES W. HALEY, JR.
                                                           JANUARY 22, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                                Marc Jacobson, Judge

          Denise Jackson, Deputy Public Defender (Stephanie S. Miller,
          Assistant Public Defender; Office of the Public Defender, on brief),
          for appellant.

          Benjamin H. Katz, Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


      Frank Eugene Solesbee, Jr. ("appellant") appeals his conviction for possession of

burglarious tools.[1]  Appellant's brief presents a single question for resolution:

          Whether the trial court erred by overruling a motion to strike the
          Commonwealth's evidence as being insufficient to prove that Mr.
          Solesbee was guilty of possession of burglarious tools when the
          store possessed the same type of tools and the victim did not testify
          to Mr. Solesbee removing the tools from his possession or from his
          person?[2]

_____

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

      [1] Appellant was also convicted of robbery, abduction with intent to defile, aggravated
sexual battery, and two counts of using a firearm in the commission of a felony.  We granted this
appeal only on the burglary tools question, and our decision today in no way alters appellant's
convictions and sentences for the other convictions.

      [2] Because appellant does not make the argument, we express no opinion about whether
the plastic ties appellant was convicted of possessing were tools within the meaning of Code
§ 18.2-94.  Rule 5A:12(c) provides that "[o]nly questions presented in the petition will be
noticed by the Court of Appeals.  See Clifford v. Commonwealth, 274 Va. 23, 25, 645 S.E.2d
295, 297 (2007) (reversing decision of this Court based, in part, on application of Rule

Finding that the trial court did not err in finding that appellant possessed the plastic ties, we affirm his conviction.

FACTS

At appellant's trial, an employee of Fashion Cents, a women's clothing store in Suffolk, Virginia, testified that she was robbed. She identified appellant as the man who pointed a pistol at her, forced her to open the safe in the stockroom of the store, and stole the money kept inside of the safe. After taking the money, appellant ordered her into the bathroom. He stuffed a shirt into the victim's mouth, and bound her hands and feet with plastic ties. Ties similar to the ones appellant used to bind the victim were kept in the store. However, the victim did not see appellant take ties from anywhere in the store; so it is unclear whether appellant brought the ties with him to the store or found them inside the store after the robbery had begun.

The ties in this case were introduced into evidence and are flat strips of plastic, about one eighth of an inch wide, with small ridges on each side. On one end of each of the ties is a box-shaped fastener with an opening. The other end of each of the ties is flat. The flat end of any of the ties is designed to slide through the fastener end. The ridges on both flat sides of the plastic strip are pointed so that the flat end will easily slide further into the fastener end, tightening the grip of the plastic tie. However, if one tries to pull the flat end back out through the fastener, the ridges adhere tightly to the inside of the fastener opening. Thus, the ties can easily be tightened by sliding them further through the fastener in one direction but will not give any slack if one tries to loosen their grip by pulling in the opposite direction.

The victim testified that appellant bound her hands behind her back and bound her ankles together with these plastic ties. Police found other plastic ties in appellant's vehicle when he was

5A:12(c)); McLean v. Commonwealth, 30 Va. App. 322, 329, 526 S.E.2d 717, 720 (1990) (en banc) ("Only those arguments presented in the petition for appeal and granted by this Court will be considered on appeal." (citing Rule 5A:12(c))).

arrested some three weeks later. We do not recite the facts supporting the sexual battery

conviction because appellant was granted an appeal only on the issue of whether the trial court

erred in finding him guilty of possessing burglarious tools.

ANALYSIS

When considering the sufficiency of the evidence on appeal, we give the benefit of all

reasonable inferences deducible from the evidence to the party prevailing below. Shropshire v.

Commonwealth, 40 Va. App. 34, 38, 577 S.E.2d 521, 523 (2003). It is within the province of the

trial judge, as the finder of fact to assess the credibility of the witnesses and the weight to be

given to their testimony. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476

(1989). The findings of fact of a judge at a bench trial are given the same weight as a jury

verdict. Richards v. Commonwealth, 8 Va. App. 612, 613, 383 S.E.2d 268, 269 (1989). We ask

ourselves whether any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt. Hoambrecker v. City of Lynchburg, 13 Va. App. 511, 514, 412

S.E.2d 729, 731 (1992).

Possession of certain tools with the intent to commit larceny, burglary, or robbery is

proscribed by Code § 18.2-94: The statute reads:

> If any person have in his possession any tools, implements, or
> outfit, with intent to commit burglary, robbery or larceny . . . he
> shall be guilty of a Class 5 felony. The possession of such
> burglarious tools, implements or outfit . . . shall be prima facie
> evidence of an intent to commit burglary, robbery or larceny.

Mere possession of burglarious tools is not a crime. What violates the statute is their possession

with the intent to use them to commit a crime. Burnette v. Commonwealth, 194 Va. 785, 790, 75

S.E.2d 482, 485-86 (1953). The statute does not require that the tools actually be used to commit

a crime, only that the accused possessed the tools with the intent to commit burglary, robbery, or

larceny. See Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998).

Appellant argues that the evidence was not sufficient to prove that he possessed the plastic ties with the intent to commit robbery. We disagree. It is self-evident that the victim's testimony, which the trial court could and did accept as the trier of fact, proved both of these elements. The victim's testimony proved actual possession of the ties because she testified that appellant used them to bind her hands and feet. Because he did this after stealing money from the Fashion Cents store and accomplished the stealing by threatening the store clerk with an act of violence, we have no quarrel with the trial judge's conclusion that he possessed the plastic ties with the intent to commit robbery.

The victim did not remember whether appellant brought the plastic ties with him to the robbery or found them at the store. Appellant argues that this uncertainty supports a reasonable hypothesis of innocence as to Code § 18.2-94. But wherever the ties came from, it was clear that appellant actually possessed them at the time he was tying up his victim. Thus, appellant's contention regarding the existence of a reasonable hypothesis of innocence only becomes plausible if the evidence failed to prove appellant possessed the ties at the legally relevant time, i.e., at the time he intended to commit the robbery. If appellant had already completed the robbery when he took the money from the safe and no longer had the intent to commit burglary, larceny, or robbery at the time he tied up the victim, according to appellant's logic, he did not violate Code § 18.2-94. We think that precedent compels us to reject this argument. In Briley v. Commonwealth, 221 Va. 532, 273 S.E.2d 48 (1980), our Supreme Court rejected a similar contention from a defendant who argued that the capital punishment statute could not apply to him because the robbery which brought the related murder within the purview of the capital punishment statute was already complete by the time he committed the murder.

> Even giving applicable principles strict interpretation, we believe the trial court did not err in refusing a first-degree-murder instruction and in ruling that, if a robbery occurred in this case, it did not terminate with the conclusion of the events at the Log

- 4 -

Cabin restaurant. Uncontradicted evidence supported the trial court's holding concerning the continuation of the robbery; no evidence supported granting the instruction.

The distinctive elements of robbery are (1) the use of violence, or the threat thereof, against the victim, and (2) the theft of property from his person or in his presence. Theft of property is a trespass upon the rights of the owner therein for as long as he is deprived of the use thereof; he retains legal possession of the goods stolen even when they are in the actual possession of the thief. Dunlavey v. Commonwealth, 184 Va. 521, 525-26, 35 S.E.2d 763, 765 (1945). In a robbery prosecution, where the violence against the victim and the trespass to his property combine in a continuing, unbroken sequence of events, the robbery itself continues as well for the same period of time.

Id. at 543, 273 S.E.2d at 55. See also Poyner v. Commonwealth, 229 Va. 401, 432-33, 329 S.E.2d 815, 836 (1985). In this case the victim's testimony, which the trial court accepted, was that appellant stuffed a shirt into her mouth and bound her hands and feet in the course of his robbery of the Fashion Cents store. Appellant's binding of the victim's hands and feet, during which he actually possessed the plastic ties, was part of the continuing violence against her that appellant used to accomplish the theft. On this record, we therefore hold that the trial court did not err in finding appellant guilty under Code § 18.2-94.

Affirmed.